JOHN L. PICKERING, APP'T. v. PHEBE P. PENDEXTER.

Where two persons are of the same relation to the deceased, and one resides in this State and the other does not, ordinarily the one resident here is entitled to administration as of right; but if he makes a claim against the estate which is contested by the heirs, it is properly within the discretion of the court to appoint the one residing out of the State.

THIS is an appeal from a decree of the judge of probate for this county, by which the defendant was appointed administratrix of the estate of Winthrop Pickering, late of Newington, in said county, deceased. It is agreed that the deceased was an inhabitant of said Newington at the time of his death. His heirs at law and next of kin are, his brother, John L. Pickering, the appellant, his sister, Phebe P. Pendexter, and the children of James Pickering, a deceased brother. At the time of the decease of Winthrop Pickering, on the 2d day of August, 1863, John L. Pickering, the appellant, was and ever since has been an inhabitant of said Newington; he is a farmer, about fifty years of age, and has repeatedly acted as chairman of the board of selectmen of the town, has been postmaster, and has filled other public offices, and often served on committees appointed by the probate court. Mrs. Pendexter, the defendant, is a native of Newington; she was married about thirty years ago to Alfred Pendexter, of Dover, and removed with her husband to Cambridge, in Massachusetts, where they resided till December, 1853, when her husband died. Since that time Mrs. Pendexter has resided principally with her children at Ogdensburg, in New York, and she was there when Winthrop Pickering died. She has not had any house or place of abode in the State of New Hampshire since her said husband removed to Massachusetts, until the death of her brother, said Winthrop, but she now is entitled as heir at law to one-third of what said Winthrop owned in his mansion house; and she has not been in this State since her appointment as administratrix, except to attend the trial of Jno. L.'s suit against her (G. P. Hoyt, herself and others) October, 1864. The said John L. Pickering claims that a considerable part of the real estate in Newington on which the said Winthrop lived at his decease, and which he had occupied about twenty years, is his property, partly by the devise of their uncle, Absalom Pickering, and partly by descent from their father; while the other heirs of the said Winthrop deny that said John has any such interest in said real estate; and said Jno. L. commenced a suit against said Phebe and the other

heirs at law, before her appointment as administratrix, to try the title to a considerable part of said real estate. And said Jno. L. has now pending in this court a petition for partition claiming a part of the homestead farm and occupied by said Winthrop at the time of his death, as heir at law of his father.

Within thirty days after the decease of the said Winthrop, the said John L. Pickering filed in the probate court of this county his petition for administration of said estate; and afterwards, within said thirty days, the said Phebe, describing herself as of Newington, filed a like petition. She was actually in Newington at the house of the family of James Pickering, deceased, a short time while her petition was pending.

The judge of probate rejected the petition of the said John and appointed the said Phebe administratrix of said estate; from which decree this appeal is claimed, for the alleged reasons, that the said Phebe is not an inhabitant of this State, and that said John is entitled to said administration, and is the most suitable person therefor.

It is further agreed that all the heirs of Winthrop Pickering, except said John L., opposed his appointment, and requested the appointment of said Phebe. It is further agreed that John Fabyan then and now holds a note against said John L. and Winthrop, of which the following is a copy:

(10 cts.)                              Newington, April 2, 1863.
   For value received, we jointly and severally promise to pay John Fabyan, or order, the sum of two hundred and ninety-eight dollars and forty-seven cents, on demand, with interest annually.
                                            JOHN L. PICKERING.
$298.47.                                     WINTHROP PICKERING.

*Hatch*, for appellant.

*Hackett & Christie*, for appellee.

BELLOWS, J.   The question is, whether, under the circumstances disclosed, Mrs. Phebe P. Pendexter was rightfully appointed administratrix of the estate of Winthrop Pickering, she not being an inhabitant of this State.

The Revised Statutes, Ch. 158, sec. 2, (C. S., ch. 167 sec. 2,) provide that administration shall be granted, first to the executor named in the will; secondly, to the widow or any of the next of kin, or to such suitable person as they may nominate; thirdly, to one of the devisees or creditors; fourthly, to such other person as the judge may think proper.

The 4th section of the same statute is as follows: "No person not an inhabitant of this State shall be so appointed by reason of any right to such trust, unless other circumstances in the opinion of said judge render the same proper."

From the agreed case it appears that Mrs. Pendexter was the only

surviving sister, and John L. Pickering the only surviving brother, of the deceased, and that they both made application for the appointment within thirty days from the death of the intestate, but that the judge of probate appointed Mrs. Pendexter. And it is contended that the case discloses " other circumstances " within the meaning of the provision referred to, that render it proper to appoint her.

Those circumstances are, that all the rest of the heirs, being the said Phebe and the children of James Pickering, a deceased brother of the said Winthrop, opposed the appointment of the said John L., and recommended the said Phebe ; and further, that said John L. Pickering. claims a considerable portion of the real estate on which the deceased lived at his death, and which he had occupied about twenty years ; partly under a devise from their uncle Absalom Pickering, and partly by descent from their father, while the other heirs deny that he has any such interest ; and that there is now a trial pending in favor of said John against said heirs to try the title to said land, and also a suit for partition brought by him since the appointment of said Phebe, claiming a part of the homestead farm occupied by said Winthrop at the time of his death, as heir at law of his father. It is also agreed that there is still outstanding a note against said John L. and Winthrop Pickering, dated April 2, 1863, for $298.47.

The question then arises whether these circumstances are such as to make it proper to appoint a person not an inhabitant of the State.

It will be observed that residence out of the State is not made a disqualification for the trust, but it is simply that the person so residing is not entitled to the administration as a right. If, therefore, there be persons of kin to the deceased, resident in the State and suitable for the trust, as matter of right, they would be entitled, rather than one who did not reside here. Indeed, in respect to the latter he would have no right to the appointment, but it would rest in the discretion of the court in case no one of the heirs in the State, and suitable for the trust, was found.

If John L. Pickering was a suitable person he would seem to be entitled to the appointment. That ordinarily he would be regarded as a suitable person is not denied ; but it is said that he has interests adverse to the heirs and creditors, and therefore could not properly discharge the trust, and we are inclined to think this objection to him to be well founded and such as to render it proper to appoint Mrs. Pendexter. It would seem that he asserts a claim to a considerable portion of the land in the occupation of the deceased at his death, and that this claim is contested by the heirs ; and it may be the duty of the administrator to contest this claim, or at least to investigate it thoroughly, and determine fairly, whether it ought or ought not to be contested ; and for neither of the duties would he be a suitable person. It is argued by his counsel, that he must give bond for the faithful discharge of all his duties ; and that is true ; and yet we think it would not be a sound exercise of discretion to appoint a person whose interest is clearly opposed to that of the persons for whom he acts.

In this case the land in controversy seems to have been occupied by

the deceased for about twenty years, and the character of his occupation and the title or claim under which he held it, is likely to be drawn in question, and the court can readily see that much might depend upon the care and diligence of the administrator in looking up the facts, aided by the papers of the deceased in his hands, and to which heirs and creditors might not at all times have that free access which a proper preparation would require.

Therefore, without considering the effect of there being a promissory note now outstanding against the deceased and John L. Pickering, because the case does not find that there is any controversy about it, we think it a sound exercise of discretion and in accordance with the general policy of the law to appoint some other person whose interest is not against the estate; and, inasmuch as Mrs. Pendexter is one of the next of kin of the deceased, equally with the said John, and, that, as her interest is to protect the estate against all unfounded claims, and as all the rest of the heirs, other than the said John, unite in requesting her appointment, we are of the opinion that the decree of the judge of probate is right.

Where there are several of the same degree of kindred, the judge of probate may appoint the most suitable one, although, if one lives out of the State, he has no claim as matter of right, but may be appointed if circumstances other than his relationship render it proper, and in our opinion such is the case here.

*Decree affirmed.*