BARTLETT, *Adm'r*, v. REMINGTON & a.

A fund being deposited in a savings-bank in the name of M. A. R., the depositor, "in trust for Sarah," the beneficiary called "Sarah" may be identified by parol evidence.

An executory trust without consideration is not enforceable.

A fund deposited in a savings-bank in the name of the depositor, in trust for another who is neither party nor privy to the transaction, the depositor retaining the title and control of the fund, is held by the depositor upon an executory trust.

BILL OF INTERPLEADER, brought by the administrator of Mary A. Remington, to determine conflicting claims to money deposited in a savings-bank by the deceased in her lifetime. Facts found by a referee. Mary A. Remington deposited in a savings-bank $500 in her own name "in trust for Sarah." The by-laws of the bank, which she signed, provided that no money should be paid without the production of the deposit-book, and that any depositor might designate, at the time of making the deposit, the person for whose benefit it was made, and the depositor and his legal representatives should be bound by such condition. It was proved, by parol evidence, that by "Sarah" the deceased meant Sarah Sturoc. The referee found that the deceased did not intend to part with the title or power of disposing of the property so long as she lived, but intended that whatever might be left of it should, at her death, go to Sarah Sturoc.

*G. C. Bartlett*, for the plaintiff.

*A. F. L. Norris, Fowler*, and *Rolfe*, for the heirs of Mary A. Remington.

*Albin & Streeter* and *Sargent & Chase*, for Sarah Sturoc.

BINGHAM, J. Parol evidence was properly received to identify the person called "Sarah." *Hiscocks* v. *Hiscocks*, 5 Mee. & W. 367; *Trustees* v. *Peaslee*, 15 N. H. 327 ; *Macdonald* v. *Longbottom*, 1 E. & E. 978; Broom Max. 617. The by-laws signed by the deceased, constituting a contract between her and the bank, to which Sarah Sturoc was neither party nor privy, it is proper to show the actual intention of the deceased. An executory trust without consideration is not enforceable. It is essential that the trust be executed, and that the equitable title and beneficial interest be vested in the *cestui que trust.* *Stone* v. *Hackett*, 12 Gray 227 ; Perry Trusts, *ss.* 67–100. A deposit in a savings-bank in trust for another, who is neither party nor privy to the transaction, is an executory trust, if the depositor retains the title and power of disposing of the property. *Brabrook* v. *Bank*, 104 Mass. 228; *Gardner* v. *Merritt*, 32 Md. 78; *Kilpin* v. *Kilpin*, 1 Myl. & K. 533 ; *Minor* v. *Rogers*, 40 Conn. 512; *Blasdel* v. *Locke*, 52 N. H. 242.

In cases of this kind, the questions are, whether the depositor intended to establish a trust and make himself a trustee, what is competent evidence of his intention, and what inference of fact is

to be drawn from the evidence. *Martin* v. *Funk*, 75 N. Y. 134. In this case the depositor did not constitute herself a trustee. The nominal trust was a testamentary disposition of property, not made according to the statute of wills, and the fund remains a part of the depositor's estate. *Davis* v. *Ney*, 125 Mass. 590; *Gerrish* v. *N. B. Inst. for Savings*, 128 Mass. 159; *Taylor* v. *Bruscup*, 48 Md. 550; *Stone* v. *Bishop*, 4 Cliff. 593.

*Decree for the heirs of Mary A. Remington.*

FOSTER and STANLEY, JJ., did not sit: the others concurred.