### CRESSEY v. WALLACE & a., Ap'ts.

A testator is presumed to use technical words in their legal signification, unless there is something in the context indicating that he used them in a different sense.

The words "and to his heirs and assigns forever," in a devise of realty, without more, have a well settled construction that the premises to which they apply are intended to be devised in fee-simple.

A devise of real estate to a married woman " to have and to hold  .   .   to her sole and separate use, free from the interference or control of her said husband, and to her heirs and assigns forever," vests a title in fee-simple in the devisee on the death of the testator, there being nothing in the will showing that a fee was not intended.

In such case, upon the death of the devisee, intestate, her heirs take by descent and not as purchasers, and the husband of the devisee, if he survives her, is entitled to such share as she would take in his estate if she had survived him.

SMITH, J.   The defendants, heirs at law of Susan F. Cressey, deceased, appeal from the decree of the probate court allowing the plaintiff, husband of the deceased, his distributive share in her estate.   The deceased derived all her estate from her mother, Susan Moore, by virtue of the following clauses of her will:

" Secondly.   I give and devise unto my daughter, Susan F. Cressey, wife of William P. Cressey, all of my real estate with the buildings thereon, with all the privileges thereto belonging, to have and to hold the same to her, the said Susan F. Cressey, [to her] sole and separate use, free from the interference or control of her said husband, and to her heirs and assigns forever.

" Thirdly.   I give and bequeath and devise unto my daughter, Susan F. Cressey, her heirs and assigns forever, all the rest, residue and remainder of my estate, real, personal and mixed, wherever found and however situated, to her sole and separate use, free from the interference or control of her husband, hereby revoking all former wills by me made."

Mrs. Moore died in 1880 and Mrs. Cressey in 1885.   It is agreed that the will was written by a person of experience in probate business, though not a lawyer.

The defendants contend that the testatrix intended to devise a

life estate to her daughter, Mrs. Cressey, in the real estate, remainder to her heirs. The plaintiff contends that she took an estate in fee-simple; and the question is, Which contention is right?

The words in the will, " to her sole and separate use," are found in the statute of 1846 (*c.* 327, *s.* 2), and are not in legal effect different from the words, "to her own use," in the present statute (G. L., *c.* 183, *s.* 1), in force in 1880 when Mrs. Moore died. In *Albin* v. *Lord*, 39 N. H. 196, a deed made in 1851, conveying land to a married woman to be held by her " in her own right, to her own use, free from the control and interference of her husband," was held to vest the legal title in her. It is true the word " heirs" may be regarded as *designatio personœ* when the clear intention of the testator to that effect can be gathered from the terms of the will. *Richardson* v. *Martin*, 55 N. H. 45; *Sanborn* v. *Sanborn*, 62 N. H. 631; *Goodright* v. *White*, 2 W. Bl. 1010; *Carne* v. *Roch*, 7 Bing. 226. But the words of this will, " and to her heirs and assigns forever," have from very ancient times had a well settled construction that the premises to which they apply are intended to be conveyed or devised in fee-simple; and the well settled construction of words and phrases must be adhered to, unless a different meaning was plainly intended by the grantor or testator. He is presumed to use technical words in their legal signification, unless there is something in the context indicating that he used them in a different sense. *Hall* v. *Chaffee*, 14 N. H. 215, 218; *Wilkins* v. *Ordway*, 59 N. H. 378, 381; *Hodgson* v. *Ambrose*, 1 Doug. 337; *Pugh* v. *Goodtitle*, 3 Bro. P. C. 454; *Luce* v. *Dunham*, 69 N. Y. 36, 39; 2 Jarm. Wills 1; Wigram Wills, *ss.* 12–21.

The words in the will, " free from the interference or control of her said husband," are the equivalent of the words of the statute, " free from the interference or control of any husband she may have," and being followed in the same sentence by the words " and to her heirs and assigns forever," there is no ground for holding that they limit the estate which the latter words uniformly import. The use of the word " assigns" is inconsistent with the idea that the testatrix intended the heirs to take as purchasers. The statute expressly providing that every woman shall hold all her property " to her own use, free from the interference or control of any husband she may have," there is no room for contending that by the unnecessary use of the words " to her sole and separate use, free from the interference or control of her said husband" the testatrix intended to limit the devise to her daughter to a life estate with remainder to her heirs by the use of the words " and to her heirs and assigns forever."

The right of a married woman to acquire and hold property in the same manner as if she were sole and unmarried, implies the right to dispose of the same by deed or will. This right cannot

be enjoyed in its fullest extent unless she has the right to dispose of her property. If the right can be considered doubtful, the doubt has been removed by the legislature. She may dispose by will of any property she may have in her own right; but it is expressly provided that "no such will shall impair the rights of the husband in such estate, or his rights to a distributive share thereof" (G. L., c. 183, s. 11), his share in her estate being the same she would take in his if she survives him (G. L., c. 202, ss. 15, 16) ; and section 12 (c. 183), authorizing a married woman to make any contract in relation to her property, by plain inference authorizes her to enter into a contract of conveyance.

The statute was intended to protect the married woman in the enjoyment of her property during her coverture, removing her common-law disabilities by which her personal property became her husband's absolutely when reduced by him to possession, together with all the income from her real property. If Mrs. Cressey in her life could convey the devised premises in fee, it conclusively follows that the defendants do not take as purchasers, but by descent. It is settled by universal understanding, that the words " to her sole and separate use, free from the interference or control of her said husband" do not in any way limit or qualify an estate granted or devised, and that the grantee or devisee can, during her life and the life of her husband, convey premises so granted or devised in fee.

The internal evidence of the will points to the forms in Bell's Justice, *p.* 487 (ed. 1856), which the scrivener so closely followed as his model. The extrinsic evidence that the plaintiff and his wife had separated before the will was written seems to us to afford too slight a foundation for basing upon it a construction of the will so contrary to the legal import of the terms employed.

The defendants cite *McConnell* v. *Lindsay*, 131 Pa. St. 476, to the point that the will created a trust for the separate use and exclusive benefit of Mrs. Cressey, with her heirs as surviving beneficiaries. It appears from the opinion in that case that this doctrine is peculiar to that state (*p.* 485). The reasons given for upholding it are in conflict with our own decisions.

It follows from what has been said, that the personal property bequeathed by the third clause in the will to Mrs. Cressey passed absolutely to her.

The decree of the probate court must be affirmed.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.

*W. L. Foster*, *A. P. Davis*, and *Bingham & Mitchell*, for the defendants.

*Albin & Martin*, for the plaintiff.