Hillsborough, }
June, 1899. }

LOVEREN, *Adm'r*, v. DONALDSON & a.

Subject to statutory exception, a devise or bequest, to one who dies before the testator, lapses and fails to take effect, unless a different intention can fairly be inferred.

Such intention will not be inferred from the mere use of the words "heirs and assigns forever," immediately following the name of a predeceased devisee.

PETITION, for the interpretation of a will. Facts agreed. The petitioner is the administrator with the will annexed of

the estate of Franklin C. Morrill, late of Manchester, deceased. The material parts of his will are as follows: " 2d. I give and bequeath to my sister, Lucretia M. Donaldson, wife of Alfred E. Donaldson, of Ornaga, Illinois, the sum of one hundred dollars. 3d. All the rest, residue, and remainder of my estate, real, personal, and mixed, wherever situate and however constituted at the time of my decease, I give, bequeath, and devise to my wife, Angeline G. Morrill, to have and to hold the same to her, the said Angeline G. Morrill, her heirs and assigns forever."

Angeline G. Morrill was the wife of the testator and died in his lifetime without issue surviving her; her heirs-at-law are three cousins. Lucretia M. Donaldson died in his lifetime, leaving surviving her three children, her heirs-at-law, who are the next of kin and the heirs-at-law of the testator. The heirs of the testator and the heirs of his wife both claim the rest, residue, and remainder of the estate.

*Harry E. Loveren,* administrator, *pro se.*

*Edwin F. Jones,* for heirs of Franklin C. Morrill.

*Taggart & Bingham,* for heirs of Angeline G. Morrill.

WALLACE, J. It is a general rule that a devise or bequest to one who dies before the testator, lapses and fails to take effect. *Goodwin* v. *Colby,* 64 N. H. 401; 2 Red. Wills 157. This rule has been modified by our statute to the extent that "the heirs in the descending line of a legatee or devisee deceased before the testator" take the devise or bequest. P. S., c. 186, s. 12. But this does not prevent the rule operating as to the heirs of Angeline G. Morrill, as they are not her heirs in the descending line. A testator may, however, prevent a testamentary gift from lapsing, on account of the death of the donee before his own death, by the expression of such intention and the designation of some other recipient in case of the intermediate death of the first-named donee. 2 Red. Wills 160. But the use of the words, "her heirs and assigns forever," immediately following the name of the devisee or legatee, are not alone sufficient to express this intention and to prevent a lapse. These words have a well-settled construction, by which they are held to be merely words of limitation used to describe the nature of the estate given to the beneficiary, and not to express an intention that a lapse should be avoided by the substitution of the heirs in place of the predeceased devisee or legatee. Where words and terms like these have a well-settled and well-understood meaning, they will not be given a different one, unless it appears that the testator employed them in a different sense and intended to express a different meaning. *Cressey* v. *Wallace,* 66 N. H. 566.

There is no evidence in this case to show that the testator used the words in the residuary clause, " to have and to hold the same to her, the said Angeline G. Morrill, her heirs and assigns forever," for any purpose except to describe the extent of the interest which he intended to give to his wife, and as words of limitation merely.   While the fact that the testator gave a legacy of one hundred dollars only to his sister, taken in connection with the residuary clause giving the residue of his estate to his wife, indicated that he intended his sister and her heirs should have no greater portion of his estate than one hundred dollars in case his wife should survive him and take under the residuary clause, it does not indicate any such purpose in the event of his wife's dying before him and the lapse of the residuary bequest.   Such a purpose cannot be imputed to him, nor such a meaning given to his will, in the absence of any competent evidence to show that such was his intention.   The testamentary gift to Angeline G. Morrill under the third clause of the will lapsed by reason of her death before that of the testator.   As to the property which she would have taken had she survived her husband, he died intestate; and that portion of his estate goes to his heirs-at-law.

*Case discharged.*

All concurred.