Grafton, ⎰
May 5, 1903. ⎱

## SMITH, *Ex'r,* *v.* SMITH *& a.*

Where a will directs the payment of a pecuniary legacy "in case I die leaving no child," and bequeaths the income of a fund "if there are one or more children born to me who are living at the time of my death," the reference to children is sufficient to preclude them from sharing in the estate, under section 10, chapter 186, Public Statutes.

BILL IN EQUITY, for the construction of a will. Transferred from the November term, 1902, of the superior court by *Pike,* J.

The plaintiff is executor of the will of Susan K. Smith, dated October 26, 1889. She died March 27, 1902. At the date of the will the testatrix had one child living, Morris K. Smith, and was expecting the birth of another, who was born about two weeks thereafter and was named Thayer A. Smith. Both children survived the testatrix and are now living. The material part of the will is as follows:

"1. In case I die leaving no child, I give and bequeath to my mother, Susan J. Kellogg, the sum of twenty-three hundred dollars.

"2. If there are one or more children born to me who are living at the time of my death, I give and bequeath to my mother, Susan J. Kellogg, the income of twenty-three hundred dollars during her life, the said twenty-three hundred dollars to go to my husband and his heirs.

"3. I give and bequeath to my husband, William T. Smith, all the remainder of my estate."

The executor, who is residuary legatee, raises the question whether the two children of the testatrix are sufficiently referred to in the will to preclude them from claiming a share in their mother's estate under the statute of distributions. A guardian *ad litem* was appointed for the children and ordered to answer. No answer having been filed, the bill was taken *pro confesso*.

*William H. Cotton*, for the plaintiff.

*James F. Colby*, guardian *ad litem*, for the defendants.

PARSONS, C. J. If it was the intention of the testatrix that no child surviving her should share in her estate, she could lawfully so provide. The law imposed no restrictions upon her power to so dispose of her estate by will. The executor inquires whether Mrs. Smith's two children are sufficiently referred to in her will to preclude them from sharing in her estate under the statute of distributions. As the testatrix had the power to exclude them from such share by the provisions of her will, if such was her intention, the inquiry is whether the case discloses evidence legally sufficient to establish such intention. The omission to make them beneficiaries is not of itself sufficient evidence of such intent. It must also appear that the omission was intentional.

"Every child . . . . of the deceased not named or referred to in his will, and who is not a devisee or legatee, shall be entitled to the same portion of the estate, real and personal, as he would be if the deceased were intestate." P. S., *c.* 186, *s.* 10. The children are not mentioned by name in the will. Neither are they devisees or legatees. But they are referred to expressly. The testatrix had distinctly in mind the possibility that she might leave surviving her a child or children, for she makes one disposition of a considerable portion of her estate in that contingency, and another in the event that no children survived her. It cannot reasonably be said that the child living at the date of the will, or the one whose birth was imminent, were "out of the mind of the testator at the time of making the will" (Laws 1822, *c.* 28, *s.* 3), or that the omission to make them the direct objects of her bounty was not intentional. *Smith* v. *Sheehan*, 67 N. H. 344,

347, 348; *Gage* v. *Gage*, 29 N. H. 533. The executor is accordingly advised that the two children of the testatrix are sufficiently referred to in the will to preclude them from sharing in the estate, under section 10, chapter 186, Public Statutes.

*Case discharged.*

All concurred.