Rockingham, }
March 1, 1921. }

### GEORGE B. FERNALD v. GEORGE L. FERNALD & a.

A bank deposit in the name of another, evidenced by a deposit book which remains in the possession and control of the depositor during his life, does not pass after his death as a gift or trust unless such is found to have been the depositor's intention.

Exceptions transferred but not referred to in the brief of the excepting party will be deemed to be waived.

BILL IN EQUITY, to recover a deposit in the defendant bank. Trial by the court and decree for George L. Fernald. The plaintiff excepted to the admission of evidence and to the decree.

The facts are stated in the opinion. Transferred from the January term, 1920, of the superior court by *Sawyer*, J.

*Samuel W. Emery*, for the plaintiff.

*Harry W. Peyser, John L. Mitchell* and *Aaron B. Cole* (of Maine), for the defendants.

PLUMMER, J. The deposit in controversy, twenty-three hundred and ninety-nine dollars and seventy-four cents, was made in the de-

fendant bank February 21, 1902, in the name of the plaintiff, by Samuel A. Fernald, father of the defendant George L. Fernald and grandfather of the plaintiff. Samuel withdrew from this deposit three hundred dollars March 2, 1903. Otherwise the fund was intact at the time of his death in April, 1911. He retained the possession and control of the book until his death. By the terms of his will, executed September 6, 1899, Samuel, after devising a legacy of two hundred dollars to a daughter, bequeathed the residue of his estate to George L. Fernald on condition that he should support him and his wife during life.

Although there was some evidence tending to establish a declaration of trust as to this fund by Samuel in favor of the plaintiff, the court upon all the evidence found no such declaration was made, and entered a decree for George L. Fernald. The finding of the court is conclusive as there was evidence in its support.

The plaintiff claims "that the deposit in the name of the plaintiff, without condition or qualification, in the light of by-laws of the bank, which were incorporated in the deposit book, constituted a valid and irrevocable declaration of trust in favor of the plaintiff and entitled him to a decree." The by-laws were as follows: "Deposits will be received subject to such conditions as may be stipulated by the treasurer. Each depositor is required to sign a certificate of deposit, of which the following is a copy: 'We, the undersigned, have (on the day designated by the date) deposited in the Portsmouth Savings Bank, the amount set against our signatures, for the person in whose name a book of deposit has been issued, which deposit has been entered on said book; and the whole or any portion of this deposit may be withdrawn by the person who may present the said book, and give a receipt therefor to the Bank.' "

The by-laws do not aid the plaintiff. The provision therein that the deposit may be withdrawn by the person who may present the book, furnishes evidence that Samuel, who retained the book in his possession until his death, had control of the fund.

In view of the finding of the court, the claim of the plaintiff that he is the owner of the fund rests solely upon the fact that Samuel made the deposit in his name. This, under the decisions in this state, is not sufficient to give the plaintiff title to the deposit. *Bartlett* v. *Remington*, 59 N. H. 364; *Marcy* v. *Amazeen*, 61 N. H. 131, 134; *Fellows* v. *Fellows*, 69 N. H. 339, 345; *Blazo* v. *Cochrane*, 71 N. H. 585, 588; *Bean* v. *Bean*, 71 N. H. 538, 543; *Harriman* v. *Bunker*, 79 N. H. 127. These cases are authority for holding that a bank

deposit, evidenced by a deposit book in the possession and control of the depositor during his life, does not pass after his death to one, in whose name it was deposited, as a gift or trust, unless it is found that such was the intention of the depositor.

The plaintiff relies upon *Blasdel* v. *Locke*, 52 N. H. 238, to sustain his title to the deposit. An examination of that case will disclose that the facts were so different from what they are in this case, that it has no value as an authority to support his contention. There the intention of the depositor to give the deposit to the claimant was clearly established. The depositor not only made the deposit in the name of the claimant, but told her and two other persons that it was made and intended for the claimant. Upon the evidence in this case it could be found that the depositor did intend to give the deposit to the plaintiff, but in the absence of such a finding the plaintiff does not establish any title to the fund.

The plaintiff excepted to the admission of certain evidence, but as no reference to those exceptions is made in his brief, they are understood to be waived.

*Exceptions overruled.*

All concurred.