Rockingham, Feb. 3, 1948. } No. 3700.

FLORENCE MOORE PACKARD *v.* ALBERT D. FOSTER, *Adm'r & a.*

*William H. Sleeper* (by brief and orally), for the plaintiff.

*Waldron & Boynton* (*Mr. Waldron* orally), for the defendant.

BLANDIN, J.   In our opinion the recommendation of the master must be followed and title to the two deposits decreed to be in the administrator of the estate of John O. Howell.   The findings of the master that the decedent never surrendered control over the deposits to the plaintiff are amply sustained by the evidence.   The plaintiff herself admitted that she never had the books, nor access to the deposit box in Howell's name where they were kept, nor drew money from either account.   It is plain that the decedent retained full control over the deposits until his death and hence there was no gift *inter vivos* to the plaintiff.   *New Hampshire Savings Bank* v. *Mc-Mullen*, 88 N. H. 123; *Dover Bank* v. *Tobin*, 86 N. H. 209; *Burns* v. *Nolette*, 83 N. H. 489.   This was a situation where Howell endeavored to keep sole control of the deposits during his lifetime, and to transfer the balance, if any, upon his death to the plaintiff.   Such an arrangement is testamentary in character and hence invalid under the statute of wills.   *Bartlett* v. *Remington*, 59 N. H. 364;   *Towle* v. *Wood*, 60 N. H. 434; *Burns* v. *Nolette, supra.*

However the plaintiff further contends that there was an "agreement or an arrangement" by the decedent with the president and treasurer of the bank which "would result" in payment to the plaintiff of the deposits upon his death, and also that the evidence warrants a finding that a trust was established.   In our opinion both contentions must fail.   The plaintiff cites *Ibey* v. *Ibey*, 93 N. H. 434, as authority, for her position on the agreement or contract theory. In that case, the court held that where three United States savings bonds were purchased by A payable to himself, and upon his death to B, C, and D respectively, the gift was perfected.   But the opinion was careful to point out that "the gifts were made through contracts duly executed, and there was no requirement that delivery be made to the donees personally in order to complete their rights in accordance with the terms of the contracts."   *Id.*, 435.   A careful search of the record in the present case shows no evidence sufficient to establish any such contract.   The gist of the testimony relative to Howell's dealings with the bank officials was that he told them he wished the money to go to the plaintiff upon his death and asked their advice whether this could be accomplished if they put "her name on it." They told him it could, and he gave instructions accordingly.   No

meeting of minds nor mutual intention to form a contract is present here, nor surrender of any rights by the decedent, and the plaintiff's claim, therefore, fails. See, *Towle* v. *Wood, supra.*

The final ground upon which the plaintiff bases her case is that a trust was established. But here again the master's unequivocal finding that Howell retained "full control" over the deposits during his lifetime is fatal to such a contention. This finding is, in effect, that no present interest passed to the plaintiff, and hence no trust was established. *Bartlett* v. *Remington, supra; Towle* v. *Wood, supra; Fernald* v. *Fernald,* 80 N. H. 75, 77. See also, *Burns* v. *Nolette, supra,* 495. Decisions in other jurisdictions which may run contrary to the well established rule here are not to be followed. If any conflict existed in the plaintiff's testimony relative to the matter of control, it was for the trier of facts to resolve, and he has done so adversely to the plaintiff.

If the result in this instance appears to thwart the intention of the decedent the rule may be changed by legislation. *Cf.* Laws 1945 (Ala.) Act 232; R. S. (Me.) 1944, *c.* 55, *s.* 36, as amended.

It was discretionary with the master whether to allow the plaintiff to testify to facts occurring during the decedent's lifetime and within his knowledge, depending on whether injustice would have been done without such evidence. R. L., *c.* 392, *s.* 26. The record discloses a liberal interpretation of this statute in favor of the plaintiff, and no abuse is seen in ruling out certain testimony offered by her which appears to have been mainly cumulative. The plaintiff requested the Trial Court to recommit the case to the master for further findings and rulings, but since they would have been either immaterial or inconsistent with those already made, the Court correctly denied the request.

The plaintiff's exceptions to the master's failure to make certain other findings of fact and rulings of law as requested have been carefully examined. Both are disposed of on the ground that they are inconsistent with the facts found and rulings of law made which are herein upheld.

It appears that the master's recommendation for a decree establishing title to the two deposits in the administrator should be followed.

*Exceptions overruled.*

All concurred.