Request of Governor and Council,
No. 5921.

## Opinion of the Justices.

Submitted March 7, 1969.
Answer returned March 20, 1969.

The Governor and Council on February 26, 1969 adopted the resolution appended hereto which was filed in this court on February 27, 1969.

The following answer was returned:

*To his Excellency the Governor and the Honorable Council:*

The undersigned, the Justices of the Supreme Court, submit the following answer to the questions contained in your resolution (appended hereto as an appendix) filed in this court on February 27, 1969.

Stated in its simplest terms your inquiry is whether the Governor and Council (RSA 21:31-a (supp)) have authority to accept the gift to the State by will of Doloris Bridges of her land and residence in Concord, New Hampshire together with certain personal property "to be used and maintained exclusively as the official residence of the Governors of the State of New Hampshire . . . . " The answer is yes.

In this state the right of an individual to dispose of his property by will to individuals, public and private corporations, charities and public entities, including the State of New Hampshire, is singularly free from restrictions or limitations, con-

stitutional, statutory or judicial. RSA 551:1; *Glover* v. *Baker,* 76 N. H. 393; *Parker* v. *Cowell,* 16 N. H. 149; *Brown* v. *Langdon,* Smith 178 (1807). In the construction of wills, form is not to be exalted over substance, and there is an overriding constructional preference for the maximum validity of the testator's dispositive plan. *In re Morrison Estate,* 106 N. H. 388, 390; *In re Lathrop Estate,* 100 N. H. 393, 395. "The validity of the gift is not dependent on whether the legislature has first authorized the receipt of property bequeathed or devised to the . . . [State]." *Edge's Estate,* 339 Pa. 67, 69; *Adkins* v. *Kalter,* 171 Ark. 1111.

The power of the Governor and Council to accept in the name of the State gifts of personal property is beyond dispute. RSA 4:8, 8-a (supp); Laws 1967, 116:1. Pursuant to RSA 4:29 the Governor and Council may acquire real estate for public purposes "either by purchase or otherwise, as hereinafter provided . . . . " The last three quoted words of the statute standing alone are a little murky in meaning inasmuch as there are no later sections of the chapter which specifically provide for the acceptance of gifts of real estate to the State. See RSA 4:39, 40. However in context the mist disappears in the light of general powers of the Governor and Council in this field. "The panoply of powers granted to the Governor and Council by the Constitution and statutes of this state is extensive." *Barry* v. *King,* 106 N. H. 279, 281. The Governor and Council may authorize the acceptance of gifts of real estate in the name of the State for a variety of public purposes (e. g. RSA 219:5; RSA 162-D:3(1) (supp), 162-D:4(supp), Laws 1965, 75:1) and there is no legislative indication that acceptance of a gift of land and property for a Governor's residence is without the ambit of their powers. Restatement (Second) Trusts, *s.* 95, *comments* d and h; Annot. 10 A. L. R. 1368, 1388; 2 Scott on Trusts (3d *ed.*) *s.* 95, *p.* 775 (1967); 1 Bogert Trusts and Trustees (2d *ed.*) *s.* 128 (1965). See RSA ch. 11.

The donor of the gift to which your questions relate was the widow of a former Governor of this State. There is no indication from the contents of her will that she expected or directed this gift to be accepted officially by any action other than that of the Governor and Council. We conclude therefore that the land and residence devised by the will may be accepted by the

Governor with the advice and consent of the Council.

FRANK R. KENISON,
LAURENCE I. DUNCAN,
WILLIAM A. GRIMES,
ROBERT F. GRIFFITH.

March 20, 1969.

## APPENDIX

WHEREAS, the will of Doloris T. Bridges was probated on January 28, 1969, and the executor of her will was appointed the same day; and

WHEREAS, Clause Fourth of the will states: "I devise and bequeath my land and residence at 21 Mountain Road, Concord, New Hampshire and all household furnishings and equipment located thereon or used in connection therewith including my George II and George III silverware and diplomatic china, but excluding all other silverware and china and all glassware, pictures, paintings, objects of art, books and papers, to the STATE OF NEW HAMPSHIRE to be used and maintained exclusively as the official residence of the Governors of the State of New Hampshire incumbent from time to time. Should the State of New Hampshire not have officially accepted such land and residence for such use within two years from the appointment of my Executor, or should at any time after such acceptance such land and residence cease to be used for such purpose for a consecutive period of one year, this devise and bequest shall lapse and all property, real and personal, described in this CLAUSE FOURTH shall revert to . . ."; and

WHEREAS, the executor of the will has formally tendered to the State of New Hampshire, consistent with the terms of the will, the land and residence at 21 Mountain Road, Concord, New Hampshire, including all household furnishings and equipment, except for certain stipulated items, located thereon and used in connection therewith, to be used and maintained exclusively as the official residence of the governors of the state; and

WHEREAS, RSA 4:8 authorizes the governor to accept in the name of the state gifts of personal property made to the state

or for the benefit of its inhabitants, and to execute such instruments as are necessary to carry out the terms and conditions of gifts in trust of personal property for the benefit of the inhabitants of the state; and

WHEREAS, RSA 4:29 authorizes the Governor, with the advice and consent of the Executive Council, to acquire on behalf of the state, "either by purchase or otherwise, as hereinafter provided", any real estate within the state which he may deem necessary for, among other purposes, public buildings or for any other public improvement purposes, and to accept deeds thereof in the name of the state; and

WHEREAS, except for express eminent domain provisions (RSA 4:30-38), and except for the acquisition of municipal land used in conservation or recreation (RSA 4:30-a supp), RSA 4:39 is the only provision for the acquisition of real estate on behalf of the state under the provisions of RSA c. 4 that may qualify for the "hereinafter provided" requirement set forth in RSA 4:29; and

WHEREAS, RSA 4:40 authorizes the disposal by governor and council of real estate upon recommendation of the head of any state department having jurisdiction over the same but expressly prohibits the disposal under that procedure of "real estate given or bequeathed to the state under provisions of trust" without indicating under what acquisition procedure the gift came into the hands of the state; and

WHEREAS, the Governor and Executive Council are in doubt as to whether they have authority under the provisions of RSA c. 4 to acquire on behalf of the state the testamentary gift from Doloris T. Bridges of specified land and residence;

Now, THEREFORE, Be it

RESOLVED, by the Governor and Executive Council, that the Justices of the Supreme Court are requested under the provisions of *Part 2, Article 74* of the *Constitution of New Hampshire* to give their opinion upon the following important questions of law:

1. May the Governor, with the advice and consent of the Executive Council, acquire, pursuant to RSA 4:29, the land and residence devised to the State of New Hampshire under Clause Fourth of the will of Doloris T. Bridges?

2. If the answer to Question 1 is in the negative, how may the land and residence be acquired by the State under Clause Fourth of the will?