Rockingham County Probate Court
No. 7554

*In re* Louise W. Quirin Estate

December 30, 1976

*Nadeau & Gray (Mr. Joseph P. Nadeau* orally) for the plaintiffs.

KENISON, C.J.   The Rockingham County Probate Court *(Treat,* J.) denied the petition of John E. Woodbridge and Thomas F. Fanelli for appointment as coexecutors and cotrustees of the estate of Louise W. Quirin and ordered New Hampshire counsel to prepare a list of three well qualified New Hampshire residents from which the court could select the coexecutors and cotrustees. The plaintiffs appeal these decisions. RSA 567-A:1 (Supp. 1975).

RSA 553:5 provides that "[n]o person not an inhabitant of this state shall be so appointed by reason of a right to such trust, unless other circumstances, in the opinion of the judge, render the same proper." A person not a resident of this State cannot claim appointment as a matter of right *(Crosby v. Charlestown,* 78 N.H. 39, 95 A. 1043 (1915)) but he is not disqualified simply because he is a nonresident. *Pickering v. Pendexter,* 46 N.H. 69 (1865). The probate court must find that the nonresident is suitable and that "other circumstances" within the meaning of the statute render the appointment proper. 1 W. Treat, New Hampshire Practice — Probate Law § 182 (1968).

In determining whether a person is suitable to be an executor or trustee, the court should "inquire carefully as to his character, integrity, soundness of judgment and general capacity...." J. Lombard, Probate & Practice § 574 (20 Massachusetts Practice 1962). Also, certain conflicts of interest might render a person unsuitable. 1 W. Treat, *supra* at § 176. The evidence reveals that Mr. Woodbridge is a retired banking executive with substantial experience in managing finances, which is important in the administration of large estates. *See* 1 G. Newhall, Settlement of Es-

tates and Fiduciary Law in Massachusetts § 46 (1958). He has been a financial advisor and intimate friend of the family for over forty years. Mr. Fanelli is a licensed member of the New York State bar and specializes in trust and estate matters. He is also a longtime personal friend of the family and has served as legal advisor for over twenty years. The plaintiffs presently manage the shares of stock that constitute a substantial portion of the estate's one million dollars worth of assets. Because they are personally acquainted with the family and its financial status, the plaintiffs may be able to perform the responsibilities of fiduciaries better than strangers could. 2 A. Casner, Estate Planning 1161 (1961).

Perhaps the most convincing evidence of their suitability is the fact that they presently serve as nonresident coexecutors and cotrustees under the will of John H. Quirin, the spouse of the deceased in this case. They have served in these capacities for three years. The testatrix specifically nominated the plaintiffs in her will. Although her choice is not necessarily controlling, it is entitled to great weight, and the court's objection to suitability must be strong to justify refusing the appointment. 1 G. Newhall, *supra* at § 46 (1958).

On the question of what "other circumstances" justify the appointment of a nonresident personal representative, we held in *Pickering v. Pendexter,* 46 N.H. 69 (1865), that a nonresident sister of the deceased could be appointed instead of a resident brother because his interests were "clearly opposed to that of the persons for whom he would act." 1 W. Treat, *supra* at § 182. The relevant evidence in this case establishes that no family members live in New Hampshire. The stock, which constitutes the majority of the estate's assets, is located in New York — the State in which the plaintiffs reside. The majority of the beneficiaries have consented in writing to the appointment of the plaintiffs. As present coexecutors and cotrustees of John Quirin's estate in New Hampshire for the last three years, the plaintiffs have had an opportunity to familiarize themselves with the law and procedure relevant to the administration of estates in this State. It does not appear that any New Hampshire resident has such an intimate familiarity with both the family's fortune and the personal lives of the family members as do the plaintiffs. Under these facts, we hold that "other circumstances" within the meaning of RSA 553:5 exist and are sufficient to justify the appointment of the plaintiffs in accordance with the wishes of both the deceased and the beneficiaries.

Model Probate Code § 96, Comment (1946); *see Opinion of the Justices,* 109 N.H. 335, 335-36, 251 A.2d 330 (1969). Accordingly, the order is

*Plaintiffs' exceptions sustained.*

All concurred.