Grafton County Probate Court
No. 7769

IN THE MATTER OF THOMAS M. JACKSON

October 31, 1977

*Orr & Reno,* of Concord, and *Richard B. Couser* (*Mr. Couser* orally), for Stephanie Jackson and Gordon Jackson.

*Cleveland, Waters & Bass,* of Concord, and *Robert P. Bass, Jr.,* for the executor, filed no brief.

*Eugene C. Struckhoff III,* of West Lebanon (*Mr. Struckhoff* orally), guardian ad litem for the three adopted children.

KENISON, C.J. This appeal is from a decision of the Grafton County Probate Court (*Slattery,* J.) on a petition for instructions filed by the executor. Gordon S. Jackson and Stephanie S. Jackson, brother and sister of the decedent, claimed the estate as named

legatees under the will. Eugene C. Struckhoff III, guardian ad litem for the three adopted children of the decedent, claimed the estate for the children under RSA 551:10. The trial court ruled that the three adopted children were entitled to take the estate as pretermitted heirs under RSA 551:10. Gordon S. Jackson and Stephanie F. Jackson seasonably excepted to the court's ruling, and all questions of law raised by the exceptions were reserved and transferred.

Thomas S. Jackson died testate on April 20, 1975. His probated will dated April 25, 1974, contained language revoking all former wills and codicils and after providing for the payment of debts, funeral expenses, and estate and inheritance taxes gave the residue of the estate "of every kind, to my brother, Gordon S. Jackson, and my sister, Stephanie F. Jackson, to them and to their heirs and assigns forever." No other names were mentioned in the will.

The decedent was survived by his father and mother, the brother and sister named as residuary legatees in the will, and three adopted children by a former marriage. During the course of this marriage, decedent had executed a will dated January 25, 1971, which made specific reference to his three adopted children. His marriage ended in divorce with a stipulation awarding custody of the three children to their natural mother and providing for payments by the decedent for their support.

The attorney who had prepared both of decedent's wills testified, over the guardian ad litem's objection, that the day before the probated will of April 25, 1974, was executed he had had a conference with the decedent in which the decedent expressed his wish to eliminate the adopted children from his estate plan and to have a will leaving everything to his brother and sister equally.

The three adopted children of the decedent claim the estate under the provisions of RSA 551:10, which provides:

> Every child born after the decease of the testator, and every child or issue of a child of the deceased not named or referred to in his will, and who is not a devisee or legatee, shall be entitled to the same portion of the estate, real and personal, as he would be if the deceased were intestate.

The brother and sister argue that the children have been "referred to" in the decedent's will and therefore cannot claim under the statute. The will does not refer to the children by name, nor

make reference to the testator's "children" or "issue". The reference in the will is said to exist in the language that follows.

■ First, the language "revok[ing] all former wills and codicils" is contended to be a reference to the children because it implicitly makes reference to the testator's prior will of January 25, 1971, which specifically referred to the children. However, this prefatory language is inadequate to reveal whether the testator had any prior wills, their contents, or the specific heirs the testator had in mind at the time. Our statute requires a sufficient reference in the will to the children to demonstrate that the testator had them in mind when he made his will. *Boucher v. Lizotte,* 85 N.H. 514, 161 A. 213 (1932); *Smith v. Smith,* 72 N.H. 168, 54 A. 1014 (1903); *Smith v. Sheehan,* 67 N.H. 344, 39 A. 332 (1892). This language is insufficient to demonstrate that the children were in the testator's mind when he drew his will. *See Gage v. Gage,* 29 N.H. 533 (1854); Annot., 170 A.L.R. 1317, 1325 *et seq.* (1947).

The brother and sister argue that the bequest of "all of the residue of my estate, of every kind, to my brother, Gordon S. Jackson, and my sister, Stephanie F. Jackson, to them and to their heirs and assigns forever" can be construed to refer to the children. Their theory is that the testator's adopted children would also be "heirs" of Stephanie and Gordon, since within the class of intestate takers if Stephanie and Gordon died intestate, and that therefore the reference to "heirs" can be said to be a reference to the children.

■■ The words "heirs and assigns forever" used after a specifically named beneficiary have a well-settled meaning as words of limitation used to describe the nature of the estate given to the beneficiary, not as words of purchase constituting a grant to the heirs. *Loveren v. Donaldson,* 69 N.H. 639, 45 A. 715 (1899); *Cressey v. Wallace,* 66 N.H. 566, 29 A. 842 (1891). This construction is adopted unless it is reasonable from the context to infer that the words were used in a different sense. *Merrill v. Baptist Missionary Union,* 73 N.H. 414, 62 A. 647 (1905); *Loveren v. Donaldson supra.* The brother and sister contend that the words "and his heirs" in the residuary clause should be construed in this case as words of grant referring to the children, because it is reasonable to infer that the testator would have wanted his adopted children to take his estate if his other relatives predeceased him. However, even assuming such an intent, this does not suggest that the testator intended the word "heirs" to be a reference to the

children. The children would have taken the same estate had the relatives all predeceased the testator, causing the residuary clause to lapse and the children to take by intestacy, as they would have taken as heirs under the residuary clause. RSA 561:1 II(a). Since the children would have been provided for to the same extent whether they were referred to in the residuary clause or not we are afforded no basis for construing these words as a reference to the children.

█ The brother and sister also argue that the children are devisees or legatees under the testator's will and are therefore not pretermitted heirs, because the bequests to Gordon and Stephanie "to them and to their heirs" are bequests to the children, as contingent heirs of Gordon and Stephanie. Since we conclude that the words were used merely to describe the nature of the estate given to the residuary legatees, the bequests to the brother and sister would have lapsed had they predeceased the testator leaving no lineal descendants, RSA 551:12; *In Re Estate of Stewart,* 113 N.H. 179, 304 A.2d 361 (1973). The decedent's adopted children could not have taken under the will as heirs of the brother and sister. *Roberts v. Tamworth,* 96 N.H. 223, 73 A.2d 119 (1950); *Loveren v. Donaldson,* 69 N.H. 639, 45 A. 715 (1899).

. The brother's and sister's principal contention is that RSA 551:10 should be construed to permit the introduction of extrinsic evidence on whether the testator's omission to provide for his children in the will was intentional. In a comprehensive and well-researched brief, the brother and sister have argued that RSA 551:10 should be construed to create merely a presumption that where the children are not named or referred to in the will the failure to provide for them was the result of inadvertence or mistake. They contend that the statute is designed to give effect to the testator's probable intent by protecting against an inadvertent omission, not to force a moral obligation on the testator despite his intent. Thus where extrinsic evidence indicates that the omission to provide for the children was intentional, we should not permit the statute to defeat the testator's intent.

██ The difficulty with the brother's and sister's position is that we would have to redraft RSA 551:10 in order to adopt their position. The statute provides that every child or issue of a deceased child "not named or referred to in [the testator's] will, and who is not a devisee or legatee, shall be entitled" to an intestate

share. The statute does not create a presumption, but a rule of law. "The statute was designed to lay down a clear, distinct, and perspicuous rule, that no testator should be understood to intend to disinherit one of his children or grandchildren . . . upon any less clear evidence than his actually naming or distinctly referring to them personally so as to show that he had them in his mind." *Gage v. Gage,* 29 N.H. 533, 541–542 (1854). Where the legislature has enacted a distinct rule governing situations like the one before us, we may not adopt a different rule. *See* Frankfurter, *Some Reflections on the Reading of Statutes,* 47 Col. L. Rev. 527, 533–35 (1947). "The true rule of law is just what is laid down in the statute; if a child or grandchild is not named or referred to in the will, and is not a devisee or legatee, he will take his share, as if the estate was intestate." *Boucher v. Lizotte,* 85 N.H. at 516, 161 A. at 214.

██ Our cases have continually emphasized that whenever possible maximum effect should be given to the testator's intent. *Opinion of the Justices,* 109 N.H. 335, 251 A.2d 330 (1969); *In re Lathrop Estate,* 100 N.H. 393, 128 A.2d 199 (1956); *Roberts v. Tamworth,* 96 N.H. 223, 73 A.2d 119 (1950). The formal requirements of RSA 551:10 may in some cases operate to defeat a testator's intent. However, this does not permit us to formulate a rule different from that laid down in the statute. The legislature has also insisted on certain formal requirements for the execution of a will. RSA 551:12. Such a clear legislative directive will be upheld even if the result is to defeat a testator's intent. *Packard v. Foster,* 95 N.H. 47, 56 A.2d 925 (1948); *Ruel v. Hardy,* 90 N.H. 240, 6 A.2d 753 (1939); *Clark v. Campbell,* 82 N.H. 281, 133 A. 166 (1926).

██ The question of the admissibility of extrinsic evidence under the pretermitted heir statutes has been extensively considered in other jurisdictions. *See* Annot., 88 A.L.R.2d 616 (1963). Whether such evidence is admissible to show the testator's intent in omitting his children in his will depends on the terms of the statute. *See* Annots., 94 A.L.R. 26, 209 (1935); 88 A.L.R.2d 616 (1963). We conclude that under RSA 551:10 the failure to name or refer to a child in the will who is not a devisee or legatee entitles him to take his share as if the testator died intestate.

*Exceptions overruled.*

All concurred.