Probate Court, Rockingham County
No. 79-011

*In re* ESTATE OF LOUISE W. QUIRIN

March 30, 1979

*Nadeau & Gray P.A.*, of Dover (*Joseph P. Nadeau* by brief), for the executors of the estate.

MEMORANDUM OPINION

This is an appeal under RSA 567-A:1 (Supp. 1977) from an order of the Rockingham County Probate Court (*Treat*, J.) denying the approval of the first and final account filed by the executors of the estate of Louise W. Quirin. The sole basis for the denial is that the fiduciaries are not entitled to charge for their services in accordance with New York State law.

We previously ordered the appointment of John E. Woodbridge and Thomas F. Fanelli as coexecutors of Louise Quirin's estate after *Treat*, J., denied their appointment solely because they were not domiciliaries of this State. *In re Quirin Estate*, 116 N.H. 845, 367 A.2d 594 (1976).

Prior to her death, Louise Quirin became familiar with probate procedures and appeals. The superior court, on three separate appeals to it, RSA 567:1 (repealed 1975), reversed *Treat*, J.'s denial of petitions for the appointment of the same Messrs. Woodbridge and Fanelli as executors of her deceased husband's estate and for approval of fees and commissions that were, by testamentary direction, similarly based on New York law.

The testatrix specifically provided in her will that the executors were to be "entitled to full commissions as provided for by New York State statutes." All of the legatees herein were given notice. None objected to the account and a majority of the heirs agreed in sworn affidavits to the amount stipulated in the petition. Additionally, in

compromise, the executors have substantially discounted the fees and commissions claimed.

"This court has held that a testatrix's intent is the sovereign guide to interpreting her will. . . . In ascertaining this intent, the court should examine the totality of the circumstances and place itself in the position of the testatrix." *Royce v. Estate of Denby*, 117 N.H. 893, 897, 379 A.2d 1256, 1259 (1977) (citation omitted).

No facts, circumstances, or policies can justify the probate court's denial of the petition for approval of the final account. We hold that to do so is clearly an abuse of judicial discretion and we order the granting of the petition and the approval of the account as filed. RSA 567-A:8 I (1977).

*Petition approved.*