

# The Attorney General of Texas

May 7, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Armstrong
Commissioner
General Land Office
Austin, Texas 78701

Opinion No. MW-18

Re: Whether land devised to the state by will is part of the Permanent School Fund.

Dear Commissioner Armstrong:

You ask whether land devised to the State of Texas under an individual's will becomes a part of the Permanent School Fund of Texas. You state that, under the terms of the will, the state is the recipient of a 309.17 acre tract of land in Travis County.

It is well established that, in the absence of any statutory or constitutional prohibition, the State of Texas may receive property by devise. Conley v. Daughters of the Republic, 156 S.W. 197, 200 (Tex. 1913). See Opinion of the Justices, 251 A.2d 330 (N.H. 1969). We have discovered no constitutional or statutory provision which precludes acceptance of the bequest, nor which provides for its specific disposition. Neither was the bequest made to a specific state agency nor directed to a specific purpose.

Beginning as early as 1899 the legislature has, however, consistently demonstrated its clear intent that all state lands not designated to a specific agency should become a part of the Permanent School Fund. The successor to the 1899 statute declares:

    (a)    The permanent school fund, which shall constitute a perpetual endowment for the public free schools of this state, shall consist of:

    . . . .

    (2)    All the unappropriated public domain remaining in Texas, including all land recovered by the state by suit or otherwise. . . .

Education Code § 15.01 (emphasis added). In the Coastal Public Lands Management Act of 1973, the legislature provided for the disposition of certain kinds of gifts of interests in land:

> (a)   The [School Land] board may accept gifts of interests in land, and these interests shall become part of the permanent school fund unless otherwise designated by the grantor.

> (b)   At the discretion of the board, the land may be managed as if it were coastal public land within the meaning of this chapter.

Nat. Res. Code § 33.057. Likewise, article 3281, V.T.C.S., indicates a similar intent with regard to escheated lands:

> All lands heretofore or hereafter escheated to the State of Texas by provisions of this Title are hereby dedicated, appropriated and set apart to the Permanent Free School Fund of the State of Texas. . . .

We believe that, considered together, these statutes furnish ample evidence of a consistent state policy that lands not designated to a specific agency should be deemed to belong to the Permanent School Fund. Accordingly, it is our opinion that land devised to the State of Texas under the terms of an individual's will becomes a part of the Permanent School Fund of Texas.

## SUMMARY

> Land devised to the State of Texas under the terms of an individual's will and not designated to a particular use becomes a part of the Permanent School Fund of Texas.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Milton Richardson
and Rick Gilpin
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Rick Gilpin
William G Reid
Milton Richardson
Bruce Youngblood