[12]     *ESTATE OF SAMUEL SANDFORD.

[1] INHERITANCE—ACKNOWLEDGMENT OF PATERNITY.—The words of an acknowledgment of the paternity of an illegitimate child, for the purpose of making it an heir, must be clear, and exclude all except one interpretation.

APPEAL from the Fourth Judicial District.

Rutenberg, as guardian of Louisa, filed a petition in the Probate Court of the County of San Francisco, against David T. Bagley, administrator of Samuel Sandford, alleging that Sandford, in his lifetime, recognized Louisa, in writing, to be his child, and as he had no other children, that she was his sole heir, and prayed for her maintenance out of Sandford's estate and general relief.

In support of his petition, he produced and proved a written agreement in Spanish, of which the following is a

translation agreed upon and used by the counsel in the argument:

"I, Gabriel Sibrian and Maurice Buelna, we bind ourselves, for the term of one year, to nurse a female child (Niña) of Samuel Sandford, he paying therefor to Gabriel Sibrian fifty dollars per month, in advance, and to furnish ready-made clothing for the little one (chiquita); and S. Sandford obliges himself not to take away the child for the term of six months from this day henceforth. Samuel Sandford can' take his creature (creatura) whenever he pleases, and Sandford is not responsible for more than he has agreed upon in this contract.

"San Francisco, July 19, 1852.

GABRIEL SIBRIAN,<br>MAURICE BUELNA,<br>SAMUEL SANDFORD.

"Witness—E. S. BATTURS, AUG. MOOR."

The petition was dismissed by the Probate Court, whereupon Rutenberg appealed to the Fourth District Court; and the order of the Probate Court being affirmed in the District Court, he appealed to this Court.

*Saunders & Hepburn,* for Appellant, cited Sirey's [13] Notes to Observations on Art. 334 of Code Napoleon, page 75.

*John A. Lent,* for Respondent.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

By the 2d section of the Act to Regulate Descents and Distribution it is enacted, "Every illegitimate child shall be considered as an heir of the person who shall, in writing, signed in the presence of a competent witness, have acknowledged himself to be the father of such child."

By virtue of this Act, Louisa Sandford, by her guardian, claims to be the sole heir of Samuel Sandford, deceased,

and a writing, signed by Sandford, is produced in evidence, to show the necessary acknowledgment of paternity.

After a careful consideration of the language of this instrument, I am satisfied that it does not amount to such an acknowledgment as is contemplated by the statute. The original agreement is in the Spanish language, and three words are used in reference to the child: they are, "Niña," "chiquita," and "creatura." According to the authority of lexicographers, neither of these words necessarily mean child, in its sense of relation to a parent, and nowhere in the agreement is it said that Sandford is the father. But even taking the liberal translation furnished by counsel, and then we have, as the only expression on which any stress can be laid, "We bind ourselves for one year to nurse a female child of Samuel Sandford." And to this may be added, for any strength it may give, the words, "Samuel Sandford can take his creature whenever he pleases." It will be seen that the object of the contract was to provide for the care of the child. The same language would doubtless have been used, if Louisa had been the adopted child of Sandford, or entrusted to his care by a relative or friend, or an orphaned object of his temporary benevolence.

The statute is one which enables valuable benefits to be conferred, and grave changes to be made in personal relations. It is in derogation of the common law, and [14] must therefore be * construed with strictness. To entitle one to claim under it, the evidence adduced ought to be clear enough to exclude all except one interpretation. Nor do we, in deciding the case upon this ground, intend to intimate that any writing, containing the evidence required, would be sufficient to create an heir under the statute, where it appears, upon the face of the instrument, that there existed no such object or intention at the time it was made. That question is not necessary to be considered here, and is therefore left for some future adjudication.

Judgment affirmed.