Rockingham, {
June, 1899. }

## Wells *v.* Anderson & a.

A bequest of " one dollar and no more " to an heir-at-law of the testator will not prevent him from taking his distributive share in property undisposed of by the will.

Petition for partition of the Jack lot, so called. Facts agreed. Josiah I. Hall, late of Chester, died testate, owning a homestead worth about $2,300, the Jack lot worth about $1,200, and a small quantity of personal property. His heirs were a son, John G., a daughter, Margaret A., and the plaintiff, the son of a deceased daughter. By his will, he devised the homestead to John G. and his children, but made no specific devise of the Jack lot, and no reference whatever to either of his daughters or the plaintiff. By a codicil, he gave the plaintiff " one dollar and no more." Neither the will nor the codicil contains any residuary clause. The defendant Anderson claims title to the Jack lot under a quitclaim deed from John G. and Margaret A., and the plaintiff claims title to one undivided third part of it by descent from Josiah I.

*David Cross*, for the plaintiff.

*Burnham, Brown & Warren*, for the defendants.

Chase, J.    The defendants' claim of title to the whole lot is based upon the inference, drawn from the form of the bequest to the plaintiff, that the testator intended the plaintiff should have only one dollar from the entire estate. It is certain that the testator did not intend to give the plaintiff more than one dollar by will, but it does not appear that he intended the plaintiff should not share with the other heirs in the undevised portion of his estate. A bequest of " one dollar and no more " is consistent with an intention to give that sum only by will, and to allow the legatee to take whatever other portion of the estate the law would give him. To prevent the plaintiff from having more than one dollar, it was necessary for the testator to make disposition of his entire estate ; he could not entrust the disposition of a portion of it to the provisions of the statutes, for they would give one third of such portion to the plaintiff, and one third to each of the two surviving children. If the testator understood that his use of the words, " and no more," would prevent the plaintiff from taking a third of the undevised portion, he must have understood also that this third would be left undis-

posed of either by the will or the statute. He certainly could not have understood that those words would devise it to the two surviving children. They are words of limitation and not of devise. See *Denn* v. *Gaskin*, Cowp. 657; *Haxtun* v. *Corse*, 2 Barb. Ch. 506, 521; *Gallagher* v. *Crooks*, 132 N. Y. 338; *Nickerson* v. *Bowly*, 8 Met. 424, 431, 432.

Considering that the testator's language was used in the act of making a will, and giving the words their ordinary effect, it appears that he intended to bequeath only one dollar to the plaintiff, and to leave the Jack lot and other portions of his estate to be distributed among his heirs by operation of law. In this way the plaintiff acquired title to one third part of the Jack lot. P. S., *c.* 196, *s.* 1.

*Case discharged.*

All concurred.