GEORGE C. SMITH, ADMINISTRATOR, *vs.* BENJAMIN JORDAN ET AL.

Third Judicial District, Bridgeport, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A testator gave the use and income of all his estate to his three children, *A, B* and *C,* equally, during their lives, and provided that upon " the death of either " leaving issue, the estate should " vest in such issue," and the shares of the parents should be divided among their issue, equally, in fee simple; " meaning hereby to give the title to all my estate to my grandchildren, leaving only the use of the same to my children above mentioned, during their lives." The will further provided that in case *B* should die leaving no child, his portion should revert to the other two children

and their heirs. All the children survived the testator, but *A*, a daughter, has since died, leaving two children, *B* has one child, and *C* has none. In a suit to construe the will it was *held* : —

1. That upon *A's* death her two children, who were living when the will was drawn, were entitled to the possession and enjoyment of one third of the estate, in fee, their interest in remainder having vested in point of right at the testator's decease.

2. That the failure of the will. to dispose of *C's* share, in case he should die without issue, was clearly an omission, which was not supplied by other parts of the will; and therefore one third of the estate would become intestate should *C* leave no issue.

This court is not bound to answer questions in respect to a will which are premature or based upon contingencies which may never occur.

In suits for the construction of wills, counsel who appear for the executor or trustee ought not to appear and act for legatees and devisees under the will; sound policy forbids such a practice.

Submitted on briefs November 11th—decided December 16th, 1904.

SUIT to determine the construction of the will of Stephen Jordan of Bridgeport, deceased, brought to and reserved by the Superior Court in Fairfield County, *Robinson, J.*, upon the facts stated in the complaint, for the advice of this court.

*Samuel F. Beardsley*, for George C. Smith et al.

*John C. Chamberlain*, for Benjamin Jordan.

TORRANCE, C. J. The will in question is dated July 2d, 1879, and the testator died in August, 1886. When the will was made he had three children living, namely, a daughter, Augusta Smith, and two sons, Benjamin and Stephen. He also at that time had three grandchildren living, namely, two grandsons, George C. and Stephen J. Smith, children of his daughter, Augusta ; and a granddaughter, Amelia B. Gould-ing, a child of his son Benjamin. His son Stephen has never had any children. All these children and grandchildren survived the testator, and, save his daughter Augusta, are all now living. Augusta died in November, 1902, leaving her two sons aforesaid, who are still living. The tes-

tator in his will named as his executor and trustee his son-in-law, George T. Smith, who qualified and acted as such until his death in February, 1893. After the settlement of the estate and up to the time of his death, said trustee divided the net income of the estate from time to time equally among the three children of the testator. In April, 1893, the plaintiff, George C. Smith, one of the grandsons of the testator, was appointed as administrator *de bonis non* with the will annexed on the estate of the testator, and has thence continued to be such administrator.

The material parts of the will are the following: " After the payment of all my just debts and funeral charges, I give, devise and bequeath to my three children, Augusta Smith, Benjamin Jordan and Stephen Jordan, Jr., the use and income of all my estate, both real and personal, to be divided equally between them, during their natural lives.

" And in case of the death of either of said children, leaving issue, then the said estate shall vest in such issue, and the shares of the parents shall be divided among their issue, equally, in fee simple, meaning hereby to give the title to all my estate to my grandchildren, leaving only the use of the same to my children above mentioned, during their lives. . . .

" Further, my will is, that in case my son Benjamin should die leaving no child or children, that his portion of my estate should revert to my other two children and their heirs, so that the wife of my son Benjamin shall forever be debarred from any interest in my estate."

The complaint seeks advice upon these three questions: (1) whether upon the death of the testator's daughter Augusta, one third " vested absolutely in her issue and should have been distributed to them "; (2) if it did not, whether the entire income should be paid equally to the sons of the testator, Benjamin and Stephen, during the remainder of their joint lives, and the entire income to the survivor during his life, " postponing the division of the principal of the fund until the death of the last survivor of the children " of the testator; (3) if the testator's son Ste-

phen " should die without issue, what disposition should be made of his portion of the estate."

Reading the will in the light of the facts stated above, it is plain, with reference to the first question, that the daughter Augusta had a life estate in one third of the trust estate, and that her sons have a remainder interest in fee in one third of the same trust estate. The will gives the " title " to one third of the trust estate to the sons ; and it also says, in effect, that such estate " shall vest in such issue " and " be divided among " them, at the death of their mother. We think the estate of the sons vested in point of right at the death of the testator; and that the words, " shall vest in such issue," as used in the will, mean a vesting in possession and enjoyment. *Dale* v. *White*, 33 Conn. 294 ; *Johnson* v. *Edmond*, 65 id. 492, 494. We think the fair import of that part of the will above quoted is, that the sons were entitled, upon the death of their mother, to the possession and enjoyment of their share of the estate, and there is nothing in the other parts of the will inconsistent with this construction. The first question must therefore be answered in the affirmative, and, this being so, the second requires no answer.

The third question is premature, and is not properly before the court. It is founded upon a contingency which may never happen. Nevertheless, as a failure to express our opinion upon it may involve future litigation and expense to a comparatively small estate, and it has been fully argued before us, we have concluded to answer it.

The testator provided for the case of his children dying leaving issue ; and he provided for the death of Benjamin without leaving issue ; but he did not provide for the death of Augusta or Stephen without leaving issue. The failure to provide in Stephen's case, for a contingency provided for in Benjamin's, is a clear case of omission, presenting no question of construction. The testator has failed to dispose of one third of his estate in case Stephen dies without leaving issue at his death, and this court cannot make a will for him. It is claimed that the following words (in the clause

of the will above quoted), " meaning hereby to give the title to all my estate to my grandchildren," supply the omission; but we think not. Those words appear to be used to make plain the fact that the children take merely a life use, and that the grandchildren take the fee in their respective thirds. If Stephen dies without leaving issue, we think one third of the trust estate will become intestate estate.

In the case at bar, the administrator with the will annexed, who brings the complaint for a construction of the will, was also a claimant under the will to be construed; and the counsel who appeared for him as administrator also appeared for him and his brother as claimants under the will. In doing this in the case at bar, undoubtedly no harm was done or intended; but sound policy forbids such a practice, and, for the reasons set forth in *Belfield* v. *Booth*, 63 Conn. 299, 309, counsel who appear for the executor or trustee, in cases brought for the construction of wills, ought not to appear and act for legatees and devisees under the will.

The Superior Court is advised to pass a decree in accordance with the views herein expressed upon the questions propounded in the will.

No costs will be taxed for either side in this court.

In this opinion the other judges concurred.