[L. A. No. 4108.   Department One.—April 19, 1915.]

In the Matter of the Estate of GEORGE E. LOYD, Deceased. CHARLES HICKS, Respondent, v. ELIZABETH J. LOYD, et al., Appellants.

Estate of Deceased Persons—Written Acknowledgment by Father of Illegitimate Child—Construction of Writing.—Section 1387 of the Civil Code, providing that "every illegitimate child is an heir of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father of such child," is to be liberally construed, and does not require an acknowledgment in any precise or set form of words. The writing need not declare that the child therein acknowledged is illegitimate, and it need not be attested or signed by the "competent witness" in whose presence it is executed.

Id.—Acknowledgment Prior to Enactment of Section 1387 of Civil Code.—Where the father of an illegitimate child executed such a written acknowledgment in the year 1861, when the statute of 1850 (Stats. 1850, p. 220) was in force, and died after the taking effect of section 1387 of the Civil Code, the rights of inheritance of the child are to be determined by the latter section.

Id.—Statutes of Succession—Law in Force at Ancestor's Death Determines Rights of Succession.—Section 1387 of the Civil Code is simply a statute of succession or inheritance; and as no right

vests in a presumptive heir until the death of the ancestor, the persons entitled to succeed must be ascertained according to the law in force at the date of the ancestor's death.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Hammack & Hammack, for Appellants.

T. W. Duckworth, and Valentine & Newby, for Respondent.

At the close of the argument Sloss, J., delivered the opinion of the court, Shaw, J., and Lawlor, J., concurring.

George E. Loyd died, leaving a will which contained no mention of Charles Hicks. The will was duly admitted to probate, and at the proper time Hicks instituted a proceeding to determine heirship, claiming to be entitled to succeed to a portion of the estate as the illegitimate acknowledged son of the decedent. The findings and decree were in favor of his claim, and the beneficiaries named in the will appeal from the decree and from an order denying their motion for a new trial.

The court found that the plaintiff, Charles Hicks, is the illegitimate son of George E. Loyd and one Mary Hicks, and was born to them out of wedlock on March 4, 1861, in the state of Iowa. It further found that on June 22, 1861, at Centerville, in the state of Iowa, said George E. Loyd "in a writing signed by him in the presence of one Archibald Hicks, a competent witness, acknowledged himself to be the father of the said Charles Hicks, plaintiff; that said writing, so signed as aforesaid, was and is in the words and figures following, to wit:

" 'Centerville, Iowa, June 22nd 61

" 'This is to certify that Geo. Loyd, as father of Chas. Hicks, agrees to pay Mary Hicks the sum of five hundred dollars, for the support of Chas. Hicks, the amount to be paid on or before August 22nd 61.

" 'Geo. E. Loyd.' "

The statement on motion for a new trial shows that there was a conflict in the evidence on the issues in controversy,

and the findings are therefore beyond review here. The appellants assign no errors of any consequence on rulings of the court in admitting or excluding evidence. The appeal from the order denying a new trial is without merit.

The real question is whether the findings support the conclusion that Hicks is entitled to succeed to a part of the estate as heir of Loyd, and this question is properly raised on the appeal from the judgment.

Section 1387 of the Civil Code provides that "every illegitimate child is an heir of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father of such child . . . " If this is the law governing the rights of the parties, the findings quoted fully establish plaintiff's *status* as heir. The construction of section 1387 has been settled by *Blythe* v. *Ayres,* 96 Cal. 532, [19 L. R. A. 40, 31 Pac. 915]. It was there decided that the section is to be liberally construed; that it does not require an acknowledgment in any precise or set form of words; that the writing need not declare that the child therein acknowledged is illegitimate, and that it need not be attested or signed by the "competent witness" in whose presence it is executed. Every fact necessary to make a case under the section as thus construed was found by the court below.

The appellants contend, however, that plaintiff's rights must be defined by the statutes of 1850 (Stats. 1850, p. 220), in force when the paper of acknowledgment was signed. The statute is very similar in terms to the foregoing provision of section 1387, but it had been held, in two cases decided prior to the enactment of the codes, and of the rules of construction therein contained (Civ. Code, sec. 4), that such statute, being in derogation of the common law, should be strictly construed. (*Estate of Sandford,* 4 Cal. 12; *Pina* v. *Peck,* 31 Cal. 359.) Since the writing here involved was executed in 1861, the appellants seek to refer plaintiff's claim to the statute then in force, read in accordance with the construction given to it by the courts.

Whether plaintiff's position could be maintained under the statute of 1850, as interpreted in the *Estate of Sandford* and *Pina* v. *Peck,* need not be here decided, for we are satisfied that section 1387, rather than the statute of 1850, is the measure of plaintiff's rights. Section 1387 appears in the chapter of the Civil Code dealing with succession. It declares

that certain persons are heirs of certain others. It is simply a statute of succession or inheritance. And so this court has decided. (*Estate of Magee,* 63 Cal. 417; *Blythe* v. *Ayres,* 96 Cal. 532, [19 L. R. A. 40, 31 Pac. 915].) But since no right vests in a presumptive heir until the death of the ancestor (Civ. Code, secs. 1384, 1386), it is thoroughly settled that the persons entitled to succeed must be ascertained according to the law in force at the date of the ancestor's death. (*Tyrrell* v. *Baldwin,* 78 Cal. 470, [21 Pac. 116]; *Estate of Fath,* 132 Cal. 609, [64 Pac. 995].) The writing of 1861 vested no right in the plaintiff when it was executed. If the statute had been repealed before Loyd's death, and no similar law had taken its place, the plaintiff could not have claimed as an heir. He must found his claim on the law in force when rights of heirship attached, and that law is section 1387 of the Civil Code. The contrary view was suggested in the opinion in the Jessup case, 81 Cal. 419, [6 L. R. A. 594, 21 Pac. 976, 22 Pac. 742], but the expression was plainly *obiter,* the case involving, not a right of heirship under section 1387, but the creation of the relation of parent and child by virtue of an alleged adoption under section 230 of the Civil Code.

The judgment and the order denying a new trial are affirmed.