Cheshire,
Apr. 1, 1947. } No. 3638.

MARY C. BURPEE, *Ex'x of Estate of* Forrest P. Burpee, *Ap't*

*v.*

ROY M. PICKARD, *Adm'r of Estate of* Walter F. Burpee, *& a., Ap'ees.*

*Normandin & Normandin* (*Mr. Fortunat A. Normandin* orally), for the appellant.

*Arwe & Arwe* (*Mr. Henry C. Arwe* orally), for the appellees.

KENISON, J. The will made no provision for the disposition of the residue of the estate after the death of the wife in the event that Forrest should predecease her leaving no issue. Since that contingency happened, the balance in the hands of the appellee, administrator, passes as intestate property. R. L., c. 360. *White* v. *Weed*, 87 N. H. 153; *Heffenger* v. *Heffenger*, 89 N. H. 530.

The first argument in support of the Probate decree is that the fifth and seventh clauses of the will disclose an intent to disinherit Forrest at least conditionally. "If testator does not dispose of the whole of his estate by his last will and testament, and such will contains negative words of exclusion, the great majority of states hold that such negative words cannot prevent property from passing under the statutes of descent and distribution." 2 Page, Wills (1941 *ed.*) *s.* 929. This majority rule has been adopted in this state in *Wells* v. *Anderson*, 69 N. H. 561, where it was decided that a bequest of "one dollar and no more" to an heir-at-law of the testator will not prevent him from taking his distributive share in property undisposed of by the will. See *Loveren* v. *Donaldson*, 69 N. H. 639, 640 and *Upton* v. *White*, 92 N. H. 221, 225. There is general agreement among commentators as to the validity and existence of this rule. Remsen, The Preparation of Wills and Trusts (2d *ed.*) 364; Rollison, Will Clauses Anno. (1946) 393. Accordingly the appellant is not deprived by the fifth and seventh clauses of the will from taking under the statute of descent and distribution.

It is further argued that if the property passes intestate the heirs should be determined at the date of the death of the widow. *Cf.* *Kimball* v. *Lancaster,* 60 N. H. 264, 273. When property is devised or bequeathed by will to heirs or next of kin, they are to be ascertained as of the date of testator's death (*Simes* v. *Ward,* 78 N. H. 533) or as of the life tenant's death (*Holmes* v. *Alexander,* 82 N. H. 380) depending in each case on the intention of the testator. In cases of intestacy or partial intestacy the property passes by force of the statute and generally the heirs or next of kin are determined as of the testator's death. See Anno. 132 A. L. R. 1069. The record discloses no reason to take this case out of the application of the general rule and therefore the appellant is entitled to a decree in her favor.

*Case discharged.*

All concurred.