CITY BANK FARMERS TRUST COMPANY, TRUSTEE (WILL OF JEMIMA N. DUDLEY) *v.* MARY J. WHITTEN, ADMINISTRATRIX, ET AL.

BROWN, C. J., JENNINGS, INGLIS, O'SULLIVAN and MURPHY, JS.

Argued June 13—decided August 1, 1950

*William L. Beers*, with whom, on the brief, was *J. J. Henry Muller, III*, for the named defendant et al.

*Paul L. Miller*, for the defendants Blanche T. Carter et al.

*Richard L. Brinckerhoff*, with whom, on the brief, was *T. Ward Cleary*, for the defendants Eugene C. Foss et al.

*John F. McGowan*, for unascertained heirs.

O'SULLIVAN, J. Jemima N. Dudley, a resident of Stamford, died testate on January 29, 1907. She left surviving her a son, Guilford, and a daughter, Elizabeth. In the fourth article of her will, the testatrix set up two equal residuary trusts, one for each of her two children for life, with remainder over to his or her lineal descendants. She further directed that if either should die without descendants the fund for that child was to go to the surviving child or to his or her lineal descend-

ants. Elizabeth died on November 22, 1933. As she was childless, the fund created for her benefit was paid over to her brother. Guilford died on January 14, 1948, leaving a wife, but he, too, was childless. The will is silent as to the disposition of any lapsed gift. The plaintiff is the successor trustee of the fund in question. Dorothy E. Dudley and Mary J. Whitten are the administratrices, respectively, on the estates of Guilford and Elizabeth. The other defendants claim an interest in the fund as heirs-at-law of the testatrix. The questions submitted in this reservation are these:

1. Is any part of the trust corpus to be distributed to the representatives of the heirs-at-law of Jemima N. Dudley determined as of January 29, 1907, namely, Dorothy E. Dudley, administratrix of the estate of Guilford T. Dudley, and Mary J. Whitten, administratrix of the estate of Elizabeth K. Dudley, also known as Elizabeth Dudley Whitten?

2. Is any part of the trust corpus to be distributed to the heirs-at-law of Jemima N. Dudley determined as of January 29, 1907, excluding the representatives of the two life tenants, Guilford T. Dudley and Elizabeth K. Dudley?

3. Is any part of the trust corpus to be distributed to the heirs-at-law of Jemima N. Dudley determined as of January 14, 1948, the date of the death of the survivor of the two life tenants?

The remainder to the lineal descendants of Guilford was contingent. *Gaffney* v. *Shepard*, 108 Conn. 339, 345, 143 A. 236. As the testatrix failed to make a further valid gift of a remainder which terminated upon the death of the childless Guilford, the fund became intestate, as all agree. *Smith* v. *Jordan*, 77 Conn. 469, 472, 59 A. 507; *Russell* v. *Hartley*, 83 Conn. 654, 664, 78 A. 320. Its distribution must follow the provisions of the statute. General Statutes § 7058.

It is urged by some of the defendants that the heirs-at-law should be ascertained as of the date of the death of Guilford. This, however, would adversely affect the rights of those whose status, as distributees of intestate estate under the statute, became fixed at the date of the death of the testatrix. The heirs-at-law who take upon intestacy resulting from the failure of a contingent remainder to vest are to be ascertained as of the date of the testatrix' death. *Mulford* v. *Mulford*, 42 N. J. Eq. 68, 74, 6 A. 609; *Gorgas' Estate*, 248 Pa. 343, 344, 93 A. 1073; *Richardson* v. *Roney*, 382 Ill. 528, 537, 47 N. E. 2d 714; note, 132 A. L. R. 1069.

It is further urged that, in ascertaining the distributees, the representatives of Guilford and Elizabeth should be excluded. This claim is based upon the principle that whenever a life estate is given by will to an heir with remainder to the testator's heirs, it is presumed, in the absence of evidence of a contrary intent, that the testator meant to exclude the life tenant as an heir. *Close* v. *Benham*, 97 Conn. 102, 109, 115 A. 626; *Nicoll* v. *Irby*, 83 Conn. 530, 536, 77 A. 957. Cases such as those just cited are not pertinent. They deal with the construction of the language of a will. No question of construction arises in the case at bar. *Smith* v. *Jordan*, supra. The takers of the intestate fund are ascertained under the statute, not by interpreting the will. The will cannot operate on intestate estate. As Guilford and Elizabeth were the only children of the testatrix, their administratrices qualify as the sole distributees of the fund.

To the first question in the reservation we answer "Yes"; to the second and third, we answer "No."

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.