[Civ. No. 9439. Third Dist. Apr. 15, 1959.]

Estate of LULU DOLAN, Deceased. MAE MARIA WILSON, Appellant, v. BERTHA E. SCHNAUSS, as Administratrix, etc., et al., Respondents.

David F. Roddan for Appellant.

Downey, Brand, Seymour & Rohwer, John F. Downey and Robert W. Baker for Respondents.

PEEK, J.—Frank E. Dolan, predeceased husband of Lulu E. Dolan, was an adopted person. Lulu died February 17, 1956. A portion of the property in her estate was formerly the community property of herself and Frank. The petitioner, Mae Maria Wilson, is Frank's natural sister. By this proceeding she seeks to share in Lulu's estate with the respondents, Bertha E. Schnauss and Ruby E. Lovett, the sisters of Lulu.

Prior to 1955, section 257 of the Probate Code provided for reciprocal succession between the adopted child and his adoptive parents and eliminated any such right as between the child and his natural parents. By the 1955 amendment to said section, an adoptive child was deemed a descendent of the adoptive parents for all purposes. The section retained the same restrictive provision as between the adoptive child and the natural parents and added the provision ". . . nor does such adopted child succeed to the estate of a relative of the natural parent, nor does any relative of the natural parent succeed to the estate of an adopted child." The intent of the 1955 amendment would appear quite obvious. It corrected the inequities so well illustrated in *Estate of Calhoun,* 44 Cal.2d 378 [282 P.2d 880], and placed the adoptive child upon a completely equal footing with a natural child of the adoptive parents insofar as rights of succession are concerned. And by the same token it completely removed the adopted child from his natural family so that he would no longer succeed to the estate of any of his collateral relatives, nor could they succeed to his estate.

The petitioner further argues in effect that even if section 257 be so construed, nevertheless she would take under the provisions of section 228 of the Probate Code. Such contention wholly ignores the obvious purpose of the 1955 amendment to section 257. As noted, by that amendment, following Frank's adoption she was no longer related to him for purposes of succession, and hence, being precluded by such amendment from establishing the necessary facts to bring her within section 228, she was not entitled to succeed to any portion of his estate.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.