[Civ. No. 6213. Fourth Dist. Nov. 19, 1959.]

Estate of LALLAH Z. DILLEHUNT, Deceased. ANTHONY ORFILA, Appellant, v. CECILE A. GRAY, as Executrix, etc., Respondent.

Helen Lee MacKellar for Appellant.

Donald J. Pierce for Respondent.

MONROE, J. pro tem.*—The deceased, Lallah Z. Dillehunt, died in 1957, leaving a will executed October 31, 1950. The will provided that the husband of deceased should take all of her property if he survived her, and otherwise it should go to her daughter, Cecile A. Gray. This will was duly admitted to probate. Thereafter, the petitioner, Anthony Orfila, filed his petition for determining interest in the estate, alleging that he was the pretermitted grandson of the deceased, being the son of a deceased son. The husband of the deceased died before her, so that by the terms of the will, as written, Mrs. Gray

_____

*Assigned by Chairman of Judicial Council.

would take the entire estate. The will made no mention of the petitioner or his deceased father, and contained no provision for his disinheritance.

The material facts are that petitioner was born in 1937. He was the son of William Dillehunt, who was a son of deceased. In 1949, petitioner was adopted by Ernest Orfila, the father of petitioner consenting thereto. Both Orfila and Dillehunt Junior died in the year 1950 and subsequent thereto the will was executed. The will remained in force at the time of the death of decedent, which was after her husband had died.

The appellant appeals from the judgment and determination of the trial court that he is not a pretermitted heir and is not entitled to share in the estate.

Section 90 of the Probate Code provides for inheritance by pretermitted children and the issue of deceased children ''whether born before or after the making of the will or before or after the death of the testator.'' Section 257 of the Probate Code regulates the rights of inheritance of an adopted child.

It is established law in California that the son of a deceased child, if not excluded or disinherited from the will of the grandparent, not otherwise provided for, takes as a pretermitted heir. (*Estate of Brainard,* 76 Cal.App.2d 850 [174 P.2d 702].) Prior to the amendment of section 257 of the Probate Code it was established in California that despite the fact of adoption, an adopted child inherited or took as a pretermitted heir from the estate of his natural parents or grandparents. The ruling is based upon the proposition that the statute as it then read did not take away from the adopted child the right of inheritance from his own natural ancestors despite the fact that he was given rights of inheritance in the estate of the adoptive parents. (*Estate of Darling,* 173 Cal. 221 [159 P. 606]; *Estate of Esposito,* 57 Cal.App.2d 859 [135 P.2d 167].)

Subsequent to the execution of the will and prior to the death of the decedent, section 257 of the Probate Code was amended to provide, among other things:

''An adopted child does not succeed to the estate of a natural parent when the relationship between them has been severed by adoption, nor does such natural parent succeed to the estate of such adopted child, nor does such adopted child succeed to the estate of a relative of the natural parent, nor does any relative of the natural parent succeed to the estate of an adopted child.''

It seems clear, therefore, and is conceded by the parties hereto, that by the amendment of the section it was the intention of the Legislature to provide that the adopted child had rights of inheritance in the estate of his adoptive parents only, he being granted all of the rights of a natural child with reference thereto, but that by the adoption, his rights of inheritance from or through his natural parents were severed and terminated. There seems to be no room for any other construction in the light of the express language used. It is so held in *Estate of Dolan,* 169 Cal.App.2d 628 [337 P.2d 498].

The appellant Orfila contends, however, that in accordance with the rule laid down in *Estate of Price,* 56 Cal.App.2d 335 [132 P.2d 485], and similar cases, the will is to be construed in accordance with the law that was in effect at the time of the execution of the will. Appellant argues that it would be unjust to hold otherwise, as such holding would result in giving to the amendment a retroactive effect and thereby destroy the rights of inheritance of the adopted child.

In *Estate of Price, supra,* the distinctions involved are made plain. The question there presented to the court was whether the terms of the will were such as resulted in disinheriting the appellant. In determining this question, it was held that the law in effect at the time of the execution of the will should govern its construction. The court noted, however, that "Now it is settled law that a pretermitted heir seeking his interest under this section of the code is not a contestant and does not contest the will. His rights vest absolutely upon the death of the testator and, so far as his particular interest is concerned, there is no will." It will be seen, therefore, that where the question involved is whether the will should be construed as disinheriting appellant, the court would construe the instrument in accordance with the conditions existing and the state of the law at the time the will was executed. The issue involved in this proceeding, however, is not the construction of the will but is whether defendant had a right of inheritance at the time of the death of the testator.

 In *Estate of Sankey,* 199 Cal. 391 [249 P. 517], the court said: "In contemplation of law, so far as the pretermitted heir is concerned, there is no will. The title of the pretermitted heir to his share of the property vests absolutely at the death of the testator, subject only to administration, and is in no way affected by the mere process of probating the will."

 In *Estate of Darling, supra,* the court observed that "It is to be borne in mind that in this state both the right of

inheritance and the subject of adoption with the rights and obligations springing therefrom are purely matters of statutory regulation."

In *Estate of Fritz*, 102 Cal.App.2d 385 [227 P.2d 539], the court stated, among other things, that "to transmit one's property by will does not arise from a congenital right but is a privilege granted by the state."

From the general propositions of law discussed in the foregoing opinions it is apparent, therefore, that the right to inherit is statutory and that the right is fixed at the time of the death of the ancestor. As to a pretermitted heir, the testator would have the right at any time to make a new will, disinheriting the child or grandchild or making allowance for him by express provision. Until the death of the testator the heir would have no vested right in the property. It becomes apparent, therefore, that the law in force at the time of the death determines the right of recovery. The question of law involved in this appeal has to do only with the right of recovery and not with the construction of the will.

In *Estate of Loyd*, 170 Cal. 85 [148 P. 522], there was involved the right of inheritance of an illegitimate child. The written acknowledgment of paternity had been executed and thereafter the statutory requirements for such instrument had been changed by amendment. As the law existed at the time of the written acknowledgment, that instrument would have been insufficient, but it met the requirements of the law as amended and in force at the time of death. The court held that the latter section governed for the reason that the matter involved was one of right of inheritance. The court said : "But since no right vests in a presumptive heir until the death of the ancestor . . . it is thoroughly settled that the persons entitled to succeed must be ascertained according to the law in force at the date of the ancestor's death . . . The writing of 1861 vested no right in the plaintiff when it was executed. If the statute had been repealed before Loyd's death, and no similar law had taken its place, the plaintiff could not have claimed as an heir. He must found his claim on the law in force when rights of heirship attached. . . ." The reasons for this decision are sound and are controlling in the case at bar. It is therefore held that the law in force at the time of the death of the testator governs, and accordingly appellant is not an heir at law and not a pretermitted heir.

The decree is affirmed.

Griffin, P. J., and Shepard, J., concurred.