[Civ. No. 19471.   First Dist., Div. One.   Mar. 27, 1961.]

Estate of JOHN SERVENTI, Deceased.   EMIL MENGHINI, Appellant, v. LOUIS SERVENTI, Respondent.

Kilday, Nemer & Green and James S. Green for Appellant.

Wagstaffe, Daba & Hulse for Respondent.

WOOD (Fred B.), J. pro. tem.*—In this heirship proceeding petitioner-appellant seeks to establish that he is an heir of John Serventi, who died intestate in 1959.

Petitioner's natural father, a brother of decedent, died in 1941. The widow, mother of petitioner, married Archangelo Menghini in 1945. In 1947 Menghini adopted petitioner as his son. The trial court held that because of this adoption, petitioner is not an heir of the decedent, under the law of descent and succession as amended in 1955. That ruling is correct and must be affirmed.

Petitioner correctly claims that he is an heir of his natural father, the father having died prior to the adoption. As such "descendant," petitioner claims the right under section 228 of the Probate Code to inherit from the uncle "by right

---

*Assigned by Chairman of Judicial Council.

of representation." However that might have been if the uncle had died prior to the 1955 amendment of section 257 of the Probate Code, it is not true when, as in this case, the uncle died after the date of that amendment. As thus amended, section 257 expressly declares that an adopted child shall be deemed a "descendant" *of one who has adopted him,* "for all purposes of succession by, from or through the adopting parent," and that the adopted child does not "succeed to the estate of a relative of the natural parent." (Stats. 1955, ch. 1478, p. 2690.) This holding is in harmony with the views expressed and rulings made in *Estate of Dolan,* 169 Cal.App.2d 628 [337 P.2d 498], and *Estate of Dillehunt,* 175 Cal.App.2d 464 [346 P.2d 245].

The judgment is affirmed.

Tobriner, Acting P. J., and Duniway, J., concurred.