W. Vincent Grady, S.
A petition has been filed for the final judicial settlement of the account of proceedings of Stephen P. Nash, as trustee, and of John B. Garrity, as successor trustee of the trust created under article first of the last will and testament of Sylvia L. Kirkpatrick, deceased.
The questions raised in this proceeding are:
1. Are the heirs at law and next of kin of Sylvia L. D. Kirkpatrick as of the date of her death (1882) entitled to the fund in question, or
2. Are those persons who would have been the heirs at law and next of kin of the testatrix, Sylvia L. D. Kirkpatrick if she had died on May 6, 1960 (the termination date of the trust by reason of the death of Mrs. Prendergast on that date) entitled to the fund.
It appears that Mrs. Sylvia Livingston Drayton Kirkpatrick (a daughter of Mortimer Livingston and Sylvia Depau) was married to William S. Drayton who died in 1860. She had four children by Mr. Drayton, two of whom predeceased her and two survived her. The survivors were Percival Drayton who died in 1892 and Maud Drayton who died in 1885, both unmarried and without issue. After her husband’s death, Mrs. Drayton married R. T. G. Kirkpatrick a British subject and they had one child Sylvia.
*135 Sylvia Livingston Drayton Kirkpatrick lived with her second husband (R. T. G-. Kirkpatrick) at Hyde Park, New York, on property owned by Mrs. Kirkpatrick during their entire married life.
Sylvia L. D. Kirkpatrick died in 1882 leaving her surviving her husband, R. T. Gr. Kirkpatrick, the children of her first marriage, Maud and Percival Drayton and her daughter Sylvia who later married Mr. Prendergast.
In her will, dated 1881, which was executed in New York State, and admitted to probate in Surrogate’s Court, Dutchess County, New York on March 7, 1883, Mrs. Kirkpatrick described her residence as Hyde Park, New York and the Surrogate at that time determined that her residence was Dutchess County, New York. In article numbered “first” of her will she provided as follows:
‘ ‘ I hereby give, devise and bequeath all the real and personal property of which I may be seized or possessed at the time of my decease, to my Executors and Trustees hereinafter named or to such of them as may qualify and act, and to the survivor or survivors of them In Trust however, for the following uses and purposes, namely........................To enter upon and take possession of my said property, and in their discretion to sell, lease, mortgage or otherwise dispose of the same — to collect the rents, profits and income thereof, and (should the net annual income of my said property amount to the sum of Twelve thousand dollars) to divide the same in three equal parts, and to pay over the net income from said property, in the following manner One separate third to my daughter, Maud Drayton the remaining two thirds — after deducting the amounts of the bequests hereinafter mentioned they are hereby directed to divide into two equal parts, and pay (subject to the provisions of this my Will hereinafter made) One part thereof to my son, Percival L. Drayton, during his natural life, and the other part thereof to my daughter, Sylvia Kirkpatrick, during her natural life; the part belonging to my daughter, Sylvia, to be paid to her father R. Temple G. Kirkpatrick until she shall attain the age of Twenty one years. The receipt of said R. Temple G. Kirkpatrick for the money so to be paid, shall be a full discharge of my said Executors and Trustees for the payment of the same.......... Should however the net annual income of my said property not amount to the sum of Twelve thousand dollars, then and in that case I order and direct my Executors and Trustees to pay to my said daughter Maud Drayton the sum of — Four thousand dollars per year during her natural life, and after providing for the said bequests to divide the remainder of such income into
*136 two equal parts and pay the same as — above directed to my said son, Per civ al L. Drayton, and my said daughter, Sylvia Kirkpatrick ................................................... ..........................In case the said net annual income of my said property amounts to a sum sufficiently large, so that there will remain more than Twelve thousand dollars after deducting the amount of said bequests, then and in that case I order and direct my said Executors and Trustees, after making such deduction, to divide the remainder into three equal parts, and pay to each of my said children One part thereof........... It is one of my intentions by the foregoing provisions of this Will, to provide in any event for my said daughter, Maud Drayton, a net annual income of at least Four thousand dollars out of my estate during her natural life......................
“..................The principal of each separate one third of my said property after the termination of either of the life estates above provided for (should there be — enough of my property without such one third part thereof, to provide for a net annual income of Four thousand dollars for my said daughter, Maud Drayton, as hereinbefore provided) to he paid over, conveyed, assigned and transferred in fee, to the issue of any deceased child equally, share and — share alike; and in case either of my said children should die without leaving issue him or her surviving, then the principal of the one third share of the child so dying, to be divided equally between the surviving children or their issue per stirpes............................ ...............................Should however my ¿laughter, Sylvia, die before attaining the age of Twenty one years and without issue her surviving, the income of her one separate third part, to be paid to her father R. Temple G. Kirkpatrick, during his life, and at his death to be divided equally between my remaining children or their issue, such issue taking per stirpes, the share their parent would have been entitled to take if surviving.”
It appears that said trust fund was divided into three parts with income of each respective part to each of her children, namely: Maud, Percival and Sylvia. The principal of each separate 1/3 after termination of the life estates was to be paid over to the issue and in case of failure of issue “ then the principal of the l/3rd share of the child so dying, to be divided equally between the surviving children or their issue per stirpes ”,
*137 Maud Drayton died unmarried in July of 1885 leaving no issue nor issue of any deceased children or children her surviving and the corpus of her 1/3 interest in the trust passed to her brother Percival and her half sister Sylvia.
Percival died in 1892 and the principal of his 1/3 interest in the trust passed to his half sister Sylvia.
Sylvia Prendergast died in 1960 leaving no children nor issue of deceased children her surviving. There was no gift-over provided under the Sylvia L. D. Kirkpatrick will and it appears that an intestacy has occurred in her estate as to the 1/3 of the trust created under her will for Sylvia Prendergast.
The law is well settled in the State of New York that in intestacy the distributees of the decedent are determined at the time of her death and not at the date of the termination of the trust by reason of the death of the life beneficiary. See Clark v. Cammann (160 N. Y. 315 [1899]), in which the Court of Appeals determined the heirs in case of intestacy as of the date of the death of the testator and not as of the date of death of his wife, the life beneficiary. See, also, Matter of Notman (116 N. Y. S. 2d 733 [1952]), holding that where the will made no provision for the disposition of principal of the trust beyond that to the issue of the surviving life tenant, in the absence of such issue, the testator died intestate as to such principal which then passed to his next of kin determined as of the date of death. (Also, see, Matter of Astor, 5 Misc 2d 722.)
Following the authority in the cases cited it is determined by the court in the instant case that by reason of the intestacy, the distributees of the decedent Sylvia L. D. Kirkpatrick are to be determined as of the date of her death in 1882.
The law of descent and distribution in effect at that time is set forth under the 1881 Revised Statutes (vol. 3, part II, eh. VI, art. Third, tit. 3, § 75). It provides that upon intestacy personal property of a person who dies without devising the same be distributed “ One-third part thereof to the widow, and all the residue by equal portions among the children ’ ’. Section 79 of the statute provides that it applies to the husband of any such deceased woman who shall be entitled to the same distributive share in the personal estate of his wife, to which a widow is entitled in the personal estate of her husband, by provisions of amended law of 1867 (ch. 782).
Some reference has been made to the fact that the decedent married a British subject. It appears that section 3 of the act of March 2, 1907 (34 U. S. Stat. 1228) provided “ That any American woman who marries a foreigner shall take the nationality of her husband The statute was repealed on September *138 22, 1922. No other statute relating to expatriation of an American woman solely by marriage to a foreigner has been enacted. From information supplied to this court by the Immigration and Naturalization Service it appears that it has consistently held that marriage to an alien before March 2, 1907, did not result in expatriation unless, prior to September 22, 1922, the wife emigrated to the country of the husband’s nationality, acquired citizenship thereof under its laws by virtue of the marriage, and such country was signatory to a treaty with the United States under which each country agreed to recognize its own nationals as citizens of the other upon naturalization therein pursuant to the laws thereof (4 Administrative Decisions under Immigration and Nationality Laws of the United States 93 [1950]). Therefore, the court will determine that the decedent herein did not lose her United States citizenship.
Under the laws in effect in this State at the time of decedent’s death, R. T. G. Kirkpatrick, her surviving husband, was entitled to 3/9 of the corpus of this trust fund which is now payable to Thomas D. Mahar, as administrator with the will annexed of the late R. T. G. Kirkpatrick; and decedent’s children Maud and Percival Drayton and Sylvia Prendergast were entitled to divide the remainder equally. Accordingly the estate of Sylvia K. Prendergast is entitled to 4/9 of the intestate corpus, which amount is payable to John B. Garrity as ancillary administrator with the will annexed, and the remaining 2/9 of the corpus should be paid, under the terms of the last will and testament of Maud Drayton, to the descendants of Thomas Drayton.