Sullivan Probate Court,
No. 5250.

## In re John L. Farwell Estate.

Argued September 11, 1964.
Decided November 4, 1964.

62

*Leahy & Denault* for the trustee, furnished no brief.

*Sulloway, Hollis, Godfrey & Soden* (*Mr. James B. Godfrey* orally), for Caroline W. Farwell, executrix of the will of Grosvenor Farwell.

*Nighswander, Lord & Bownes* and *Conrad E. Snow* (*Mr. Snow* orally), for Grosvenor Farwell, Jr.

*Susan Bennett,* pro se, furnished no brief.

KENISON, C.J.  It is argued by Grosvenor Farwell, Jr. that the will evidences a purpose to divide the estate among the heirs as they existed at the death of the life beneficiary, and that this purpose should be effectuated. *Kimball* v. *Lancaster*, 60 N. H. 264; *Hardy* v. *Gage*, 66 N. H. 552. Reliance is placed in part on item 5 of the will: "If any of my heirs should bring any action at law or in equity against my wife, as Trustee, for any losses or errors of judgment made in good faith, such action brought by or on behalf of any heir shall immediately bar such heir from sharing or receiving any share or interest in my estate whatsoever at any time." However, this provision of the will, while not conclusive, is a strong indication that the testator considered his heirs at his death would succeed to his estate subject only to the interest he created in his wife for life. This item of the will is a recognition by the testator that his heirs would have an interest in his estate during his wife's life and militates against a construction that would determine the heirs only after the decease of the wife. See 1 Nossaman, Trust Administration and Taxation, *s.* 12.09 (2d *ed.* 1959); Restatement, Property, *s.* 308, *comment* a.

If a will makes a gift to the testator's heirs and construed as a whole demonstrates a plan to determine the heirs at some time other than the date of the testator's death, it will be enforced. *Watson* v. *Young*, 102 N. H. 436. See also, 5 American Law of Property, *s.* 22.60 (1952); Leach and Logan, Future Interests and Estate Planning, *pp.* 458 *et seq.* (1961). The present will is not in that category. *National Shawmut Bank of Boston* v. *Zink* (Mass.), 196 N. E. 2d 917; *In re Simard Estate*, 98 N. H. 454, 458; *Burpee* v. *Pickard*, 94 N. H. 307, 309.

In the absence of any residuary clause in the will and the failure to make any provision for a gift over upon the termination of the trust for the widow, the balance of the trust fund passes as intestate property. *In re Simard Estate, supra*; 4 Page, Wills, *s.* 33.58 (Bowe-Parker Rev. 1961). In cases of intestacy or partial intestacy the property passes by force of the statute and the heirs or next of kin are determined as of the testator's death. *Burpee* v. *Pickard*, 94 N. H. 307, 309. See Annot. 132 A.L.R. 1069; 27 A.L.R. 2d 691; 3 Powell, Real Property, *s.* 375 (1952).

The probate court is advised that the balance in the trustee's hands is to be distributed to the testator's heirs as of the date of his death and the distribution will be made in equal shares to Susan Bennett and to the executrix of the will of Grosvenor Farwell.

*Remanded.*

All concurred.