Hillsborough Probate Court,
No. 5938.

*In re* ANNE L. GIBB ESTATE.

March 31, 1970.

*L. Wilder Quint,* by brief and orally, for Edward W. Gallagher, Executor.

*Mary D. Gillen* ( of New Jersey ) for John Coughlin.

LAMPRON, J. Petition for instructions brought by Edward W. Gallagher executor of the will of Anne L. Gibb, late of Weare. Certain questions of law arising therefrom were transferred and certified to this court by the Probate Court of Hillsborough County ( *Cushing,* J. ) pursuant to the provisions of RSA 547:30.

Anne L. ( Coughlin ) Gibb, a widow, with no children, died on January 23, 1968. Her will, executed on June 22, 1962, after seven specific bequests, disposed of the residue of her estate as follows:

" All the rest and residue of my Estate whether real, personal, or mixed, and wherever situated, I direct my Executor to divide

into two portions equal in size. One such portion I give, devise, and bequeath to my sister, Mary Sheehan . . . if living. If she shall not be living, then I give, devise, and bequeath said one-half to her issue, share and share alike.

"The second such portion I direct my Executor to hold in trust, keeping the principal either in savings banks or invested in sound securities, and to pay over the net income quarter-annually, or oftener, to my sister, Elizabeth McLachlan . . . during her life. My Executor is also authorized to pay to or for her benefit any portion of the principal whenever he feels it wise or necessary to do so."

Mary Sheehan predeceased the testatrix leaving five children who are entitled under the above residuary clause to the one-half bequeathed to their mother.

Elizabeth McLachlan died on July 23, 1968. Since the will made no provision for the disposition of that half of the residue after her death, the remaining balance passes as intestate property. *Burpee* v. *Pickard,* 94 N. H. 307, 308, 52 A.2d 286, 287; *In re Byrne Estate,* 98 N. H. 300, 304, 100 A.2d 157, 160.

In such a situation the property passes by force of and in accordance with the statute of descent and distribution (RSA ch. 561) and not by virtue of the will of the testatrix. *Wells* v. *Anderson,* 69 N. H. 561, 44 A. 103; *In re Farwell Estate,* 106 N. H. 61, 63, 204 A.2d 239, 241. Hence the takers of these intestate funds are ascertained under that statute and not by interpreting the will which cannot operate on intestate property. *Wells* v. *Anderson, supra; In re Farwell Estate, supra; City Bank Farmers Trust* v. *Whitten,* 137 Conn. 192, 75 A.2d 383.

It follows that distribution under the statute (RSA ch. 561) is not affected by the clause in the will under which the children of Mary Sheehan take half of the residue; or the specific bequests made to Ellen Rose and Irene Sieler, children of deceased brothers of the testatrix, or the provision in the will by which the testatrix makes "no provision for my brothers Edward Coughlin, John Coughlin, or Joseph Coughlin since they have ample means of their own." *Burpee* v. *Pickard,* 94 N. H. 307, 308, 52 A.2d 286, 288; *In re Farwell Estate,* 106 N. H. 61, 63, 204 A.2d 239, 241; 4 Page, Wills, s. 30.17 (Bowe-Parker Rev.); 26A C.J.S. Descent & Distribution s. 46. Consequently the three certified questions pertaining to whether certain heirs can inherit the intestate property in addition to or in spite of the above provisions in the will are all answered "Yes."

By virtue of RSA 561:1, III, 6, II the executor should be instructed that this half of the residue should be divided into six equal shares to be distrubuted as follows: one-sixth to John Coughlin; one-sixth to the three children of the deceased Edward Coughlin, divided equally; one-sixth to the three children of the deceased Joseph Coughlin, divided equally; one-sixth to the five children of the deceased Mary Coughlin Sheehan, divided equally; one-sixth to the three children of the deceased George Coughlin, divided equally; and one-sixth to the two children of the deceased Julia Coughlin McCaffrey, divided equally.

*Remanded.*

All concurred.