Grafton County Probate Court
No. 6448

*In re* ESTATE OF J. RUTH STEWART

April 30, 1973

*Wakefield & Ray* for Roberta P. Wheeler, administratrix *c.t.a.,* filed no brief.

*Upton, Sanders & Upton* and *Robert Upton II,* by brief, for the heirs of J. Ruth Stewart.

GRIFFITH, J. This is a petition for instructions filed in the Grafton County Probate Court relative to distribution upon final settlement of the residue of the estate of J. Ruth Stewart. The will of J. Ruth Stewart left the residue of her estate to Florence M. Coleman, a friend who was unrelated

to the testatrix. Florence M. Coleman predeceased the testatrix leaving no issue but survived by four nephews and a niece. The heirs at law of the testatrix were two sisters, a brother, and the daughter of a deceased brother. The will contained the following provision: "And it be understood that Florence M. Coleman is not to assign any interest she may take in this will to any of my relatives." *Jones*, J., reserved and transferred the following question: "Are the heirs at law of Florence M. Coleman entitled to the residue or are the heirs at law of Julia Ruth Stewart entitled to said residue?"

The provision in the will negating any bequest in addition to the one dollar bequeathed each heir at law of the testator does not prevent their taking as heirs at law in the event of intestacy of part of the estate. *In re Gibbs Estate,* 110 N.H. 185, 186, 263 A.2d 667, 668 (1970); *Burpee v. Pickard,* 94 N.H. 307, 52 A.2d 286 (1947); *Wells v. Anderson,* 69 N.H. 561, 44 A. 103 (1899); 4 Page, Wills § 30:17 (Bowe-Parker rev. 1962); Annot., 100 A.L.R.2d 325 (1965).

RSA 551:12, the antilapse statute, provides that the heirs in the descending line will take the share of a legatee or devisee who predeceases the testator. In the present case Florence M. Coleman was not survived by any heirs in the descending line and the residuary bequest to her lapsed. *Loveren v. Donaldson,* 69 N.H. 639, 45 A. 715 (1899); 6 Page, Wills § 50:13 (Bowe-Parker rev. 1962); Annot., 115 A.L.R. 444, 450 (1938); Annot., 63 A.L.R.2d 1195, 1200 (1929).

The residuary legacy having lapsed the answer to the question transferred is that the heirs at law of the testatrix J. Ruth Stewart are entitled to the residue of the estate.

*Remanded.*

All concurred.