[Civ. No. 14666. Fourth Dist., Div. One. Apr. 12, 1977.]

Estate of JOHN W. ROULAC, Deceased.
EDNA FARR ROULAC, Petitioner and Appellant, v.
MARY VIRGINIA JOHNSON et al., Claimants and Respondents.

## Counsel

Ward, Jones, Aguirre & Seidewurm and William O. Ward III for Petitioner and Appellant.

Newby & Harden and Thomas C. Harden for Claimants and Respondents.

---

**OPINION**

AULT, J.*—This is the second appeal resulting from hearings on the petition of appellant Edna Farr Roulac under Probate Code section 1080 for determination of entitlement to distribution of income and corpus of a testamentary trust established by the will of her late husband, John W. Roulac. ▪▪▪ The substantial and unique question presented by the appeal is: If intestacy, in whole or in part, results because of the order in which the income beneficiaries die, should the testator's heirs be determined as of the date of his death or as of the date of the termination of the trust?

A threshold question we must answer is whether we are precluded from considering this basic question because our earlier opinion has become law of the case.

When John Roulac died in 1968 at the age of 85, he was survived by appellant Edna Farr Roulac [his third wife and widow], by Darnell de Roulac [his son by his first marriage], and by respondents Phil Williams Roulac and Mary Virginia Johnson [his son and daughter by his second marriage]. Edna is substantially older than Phil and Mary and must be over 80 years of age at the present time.

Mr. Roulac's last will left the residue of his estate [approximately $500,000 in separate property] to the Security Trust and Savings Bank in trust with directions to pay the net income as follows:

(a) one-third to Edna for life so long as she has not remarried; if she should remarry, this third of the income is to be paid as provided in (c);

(b) one-third to his former wife Beryl for life, and upon her death, this third of the income to be paid as provided in (c);

(c) the balance of the income to be paid one-half to Phil for life and one-half to Mary for life.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

While the will stated it was the testator's intent to dispose of all his property and made elaborate provisions for distribution of the trust corpus to the issue of Phil and Mary in the event Phil or Mary, or both, should predecease Edna, it made *no* provision whatsoever for distribution of the corpus in the more likely event that Edna predeceases Phil and/or Mary. The trust will terminate upon distribution of all the trust estate pursuant to the foregoing provisions or in any event upon the death of the last survivor of the income beneficiaries.

In 1971 Edna filed a petition under Probate Code section 1080 seeking determination of the persons entitled to distribution of the trust income and corpus if she should predecease Phil and Mary. Claims of interest were filed by Phil and Mary and their half-brother Darnell. Phil and Mary claimed that under a proper construction of the will they would be entitled to the full income from the trust after Edna's death and that after their own deaths, their children would be entitled to the entire corpus of the trust. Edna and Darnell contended the will had not disposed of the corpus in the event that Edna predeceases Phil and Mary and that therefore they had a possible interest in the corpus after the death of the life beneficiaries under the laws of the intestate succession (Prob. Code, § 220 et seq.).

The trial court concluded, on the basis of extrinsic evidence of the testator's intent admitted over Edna's and Darnell's objection, that there was *no* intestacy but only an imperfect description of the beneficiaries who are to receive the remainder of the trust estate and that, in the event Edna dies first, the full income from the trust should be paid to Phil and Mary or their children and, after the deaths of Phil and Mary, the entire corpus should be distributed to their children, issue, or heirs.

In the first appeal, Phil and Mary contended the will was ambiguous, the trial court had properly received extrinsic evidence of intent because the will contained an imperfect description of the beneficiaries, and that the trial court's decision should be sustained on that ground as well as under the doctrine of gift by implication. On the other hand, Edna, joined by Darnell, argued only that it was error for the trial court to admit extrinsic evidence on intent and that the decision of the trial court could not be upheld under the doctrine of gift by implication. In the concluding paragraph of their brief, they asked this court for a judgment establishing Edna's right to one-third and Darnell's right to two-ninths of the corpus should Phil and Mary survive Edna, but the proper disposition of the corpus in the event this court reversed the judgment

and found intestacy was not discussed as an issue in the briefs of any party or during oral argument.

In a 37-page unpublished opinion, this court affirmed the judgment insofar as it determined the distribution of income but reversed it insofar as it related to distribution of the corpus, remanding the case to the trial court with directions: ". . . to enter its decree in accordance with the views expressed herein and determining that any share of corpus and any income that is not distributed during the life of the trust shall upon termination of the trust pass to the *then living heirs* of the testator under the rules governing succession of estates." (Italics added. 4 Civ. No. 11479.)

On remand, rejecting Edna's contention that the phrase "then living" was obiter dictum because the phrase was included in the instruction at the end of the opinion, the trial court concluded: ". . . the proper construction of the mandate of the Court of Appeal requires a finding that the heirs should be determined at the time of termination of the trust as if the testator had become deceased at that time. It follows that Edna cannot partake of the corpus since she will clearly be deceased (as a measuring life) on or before termination." The trial court then issued this decree: the trust estate will be intestate as to one-half if either Mary or Phil survives the death or remarriage of Edna, and will be totally intestate if they both survive Edna's death or remarriage; in the event such intestate interests arise, any share of undistributed corpus or income shall be distributed under the rules governing succession of estates under Probate Code section 221 et seq. as follows: one-third to Darnell or to his issue if he is deceased; one-third to the issue of Mary; and one-third to the issue of Phil.

## I.

Fully understanding that our previous opinion undoubtedly misled the trial court, we nevertheless come to a different conclusion. As we will later develop, contrary to the statement in our previous opinion, sound legal principles, supported by the great weight of authority in other jurisdictions, dictate the conclusion intestacy must be determined, and the rights arising from it become affixed, as of the date of the testator's death.

Our basic holding in the earlier appeal was that under the provisions of the testator's will the death of Edna before Phil and Mary would result

in intestacy as to the remaining corpus in the trust estate. No one had urged or argued that such intestacy should result in the distribution of the undistributed income and corpus of the trust estate to *the then living heirs of the testator.* Our statement to that effect in the concluding paragraph of the opinion came after 36 pages of discussion of wholly different issues, and it is obvious that the remark was made without conscious consideration by this court.

Nor can it be fairly said the determination was essential to the decision then before us. Because the trial court had erroneously determined the death of Edna before Phil and Mary would not result in intestacy, the judgment under review did not determine who should inherit in the event of intestacy. Because that issue had not been decided by the trial court and was not urged on appeal, this court's statement that upon termination of the trust the undistributed corpus and income shall pass to the "then living" heirs of the testator was not essential to the decision.

■ The point relied upon as law of the case must have been essential to the decision before the doctrine of the law of the case can be invoked (*Gyerman* v. *United States Lines Co.,* 7 Cal.3d 488, 498 [102 Cal.Rptr. 795, 498 P.2d 1043]; *Estate of Horman,* 5 Cal.3d 62, 74 [95 Cal.Rptr. 433, 485 P.2d 785]; 6 Witkin, Cal. Procedure (2d ed.) Appeal, § 647, pp. 4564-4565). Because our comment in the earlier decision, relied on here to invoke the doctrine of the law of the case, was not essential to the decision, it does not preclude us from considering the issue which is raised and argued for the first time on this appeal.[1]

## II.

■ If Phil and Mary, or either of them, survive Edna, the will in question will not exhaust the testator's estate, and all or part of the trust corpus must pass by intestacy. [This was our basic holding in the earlier appeal.] In other jurisdictions, apparently by the great weight of authority and certainly by the better reasoned decisions, where intestacy or partial intestacy results from the failure, in whole or in part, of a testamentary trust, the property remaining in the hands of the trustee upon termination of the trust passes by force of the statute of descent to the heirs of the testator as of the date of his death, or to those who can

---

[1] We also note the question as to how the intestate property should be distributed relates to an event to take place in the future. We find little reason to perpetuate an erroneous legal conclusion under the doctrine of the law of the case where there has been no practical impact upon the parties by reason of that erroneous declaration.

trace title through such heirs. (*In re Trust of Wehr* (1967) 36 Wis.2d 154 [152 N.W.2d 868, 882-884]; *In re Kirkpatrick's Will* (1963) 39 Misc.2d 133 [240 N.Y.S.2d 342, 346]; *In re Astor's Will* (1957) 5 Misc.2d 722 [162 N.Y.S.2d 46, 55-56]; *Williams* v. *Ledbetter* (1950) 87 Ohio App. 171 [42 Ohio Ops. 391, 94 N.E.2d 377, 382]; *Burpee* v. *Pickard* (1947) 94 N.H. 307 [52 A.2d 286]; *In re Farwell's Estate* (1964) 106 N.H. 61 [204 A.2d 239, 241]; *City Bank Farmers Trust Co.* v. *Whitten* (1950) 137 Conn. 192 [75 A.2d 383]; and other cases collected in 27 A.L.R.2d 691 et seq. and 132 A.L.R. 1069 et seq.; see also Bogert, Trusts and Trustees (2d ed.) § 469.) The same rule applies even though the will purports to exclude a particular heir who will take by intestacy if the trust fails (i.e. see *Burpee* v. *Pickard, supra,* 94 N.H. 307 [52 A.2d 286]).

While the precise question involved here has not been addressed by the courts of this state, we find the arguments advanced against adoption of the majority rule unpersuasive. (Civ. Code, §§ 866, 871; see also Rest.2d Trusts, § 430, com. i; *Wittfield* v. *Forster,* 124 Cal. 418, 419-420 [57 P. 219] [invalid trust] and *Estate of Dillehunt,* 175 Cal.App.2d 464 [346 P.2d 245] [pretermitted heir].) Under Probate Code section 300, whatever property passes to a testator's heirs by reason of intestacy vests as of the date of the testator's death.[2] (See *Estate of Berk,* 196 Cal.App.2d 278, 282 [16 Cal.Rptr. 492]; *Estate of McSweeney,* 107 Cal.App.2d 140, 144 [236 P.2d 846]). The basic principle declared in section 300 should not be altered because the provisions (or lack of them) in a testamentary trust operate to postpone the date at which the fact or extent of the intestacy can be ascertained. If the contingency which results in intestacy in fact comes about, title to the property which passes by intestacy vests in the testator's heirs as of the date of his death, and the property never becomes a part of the trust estate except for the limited purpose of providing income to the beneficiaries designated to receive that income during the life of the trust.

The judgment of the trial court is reversed with directions to enter a decree declaring that any part of the corpus of the trust not distributed under the terms of the will shall upon termination of the trust pass to the heirs of the testator as of the date of his death, or to those who can trace

---

[2] Probate Code section 300 reads in pertinent part: "When a person dies, the title to his property, real and personal, passes to the person to whom it is devised or bequeathed by his last will, or, in the absence of such disposition, to the persons who succeed to his estate as provided in Division 2 of this code . . . ."

title through such heirs, according to the law governing succession of estates under Probate Code section 221 et seq.

Brown (Gerald), P. J., and Cologne, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 9, 1977.